## NOYES et al v. LANE.

Where a warrant of attachment was issued upon an affidavit charging that defendant "has sold, assigned, and disposed of a portion of his property with intent to defraud his creditors, and is about to sell and dispose of other of his property with like intent," a statement in defendant's affidavit, on motion to discharge, "that he has never entertained any notion of selling and disposing of, or assigning any of, his property with intent to defraud his creditors," is not a good denial of the second allegation of the attachment affidavit, but a denial "that he intended to sell or dispose of his property only in the regular course of trade, at retail," held sufficient to throw the burden of proof upon the plaintiff.

(Syllabus by the Court.   Submitted Feb. 8, 1890. Opinion filed May 12, 1890.)

Appeal from the district court, Spink county.

Motion to discharge an attachment. Allowed. Plaintiff appeals. Affirmed. By permission of the court and counsel this cause was submitted upon the briefs and arguments in the case of Hornick Drug Co. v. Lane (post).

The material facts are stated in the opinion.

C. T. Howard and H. C. & T. J. Walsh, (John B. and W. H. Sanborn, of counsel) for appellant.

*N. P. Bromley* and *A. B. Mellville*, for respondent.

KELLAM, J.    This is an appeal from an order discharging an attachment.    The case was submitted upon the briefs and arguments in Drug Co. v. Lane, (decided at this term.)    In this case, as in that, the alleged fraudulent character of the chattel mortgage given by C. J. Lane to William A. Lane (considered in Lane v. Starr, also decided at this term) was relied upon as the main ground of attachment, or, rather, as the principal evidence in support of the allegations of the affidavit upon which the warrant of attachment was issued.    That mortgage was held valid by this court, and the present inquiry is thus limited to an examination of the other matters and facts before the court, upon the motion to discharge the attachment, and upon which the order appealed from was made.    An inspection of the original papers in this case develops the fact that the warrant was issued upon an affidavit alleging "that the defendant has sold, assigned and disposed of a portion of his property with intent to defraud his creditors, and is about to sell and dispose of other of his property with like intent." Defendant moved to discharge the attachment, and, upon the hearing of the motion, affidavits were presented and read by both sides.    Defendant's affidavit on such motion says "that he has not sold or disposed of his property   *   *   *   only in the regular course of business, at retail, honestly and straightforward,   *   *   *   and not for the purpose of defrauding any person whomsoever;" "that he has not assigned any of his property, with the intent to defraud his creditors;" "that he has never entertained any notion of selling and disposing of, or assigning any of, his property with intent to defraud his creditors, or that he intended to sell or dispose of his property only in the regular trade at retail."    In his brief, the learned counsel for appellant has analyzed this affidavit, and reaches the conclusion that the following allegations of the procuring affidavit are untraversed:    (1)   That he has secreted his property;   (2) that he is about to secrete his property;   (3) that he is about to dispose of his property with intent to defraud his creditors.

It will be observed that there is, in the affidavit upon

which the warrant of attachment was issued, no allegation
charging secretion of property, either accomplished or
contemplated. The error of assuming the presence of such
allegations doubtless resulted from the presentation of this
case in connection with Hornick Drug Co. v. Same De-
fendant, in which there is a charge of secretion, with the un-
derstanding, at the argument, both by this court and the attor-
neys who presented the case, that both cases rested upon the
same facts. In this case, no secretion of property having been
charged, defendant was not called upon to deny or disprove it.
There is left, then, only this precise question: Is the allega-
tion that defendant is about to dispose of other of his property
with intent to defraud his creditors denied by the counter-state-
ment that "he has never entertained any notion of selling and
disposing of, or assigning any of, his property with intent to
defraud his creditors, or that he intended to sell or dispose of
his property only in the regular course of trade, at retail?"
Conceding that the expression "has never entertained any no-
tion," is equivalent to denying that he is "about to," he does
not then deny that he is about to "dispose of," but that he is
about to "sell and dispose of." The statement is quite consist-
ent with the presence of an intention to "dispose of" in some
other manner and by some other means than by selling. "Dis-
pose of" is a broader and more comprehensive expression than
"sell." Selling property is but one means of disposing of it,
and the denial that he was about to "sell and dispose of" is
simply a denial that he was about to "dispose of" by selling. He
does not deny that he is about to do either, but that he is about
to do both. If the denial stopped here, we should hold it in-
sufficient as a traverse; but he adds "or that he intended to sell
or dispose of his property only in the regular course of trade, at
retail." The denial, as a whole, is not a model of syntactical
construction, but we hardly think its evident meaning is ob-
scured by its questionable grammar. To sell or dispose of
goods in the regular course of trade, at retail, is to sell or dis-
pose of them according to, and in conformity with, the general
and established custom of retail dealers, and necessarily pre-

cludes the idea of an irregular or fraudulent disposition of them. This circuitous method of asserting a fact ought not to be encouraged, but we think in this case it must be held to be a sufficient denial of the allegation that defendant was about to dispose of his property with intent to defraud his creditors.

The defendant having denied the existence of each and every of the grounds upon which the warrant of attachment was issued, the burden was thrown upon the plaintiffs to establish the fact that one or more of such grounds really existed. Appellants claim that this was done by the affidavits of Howard and Walsh. Howard's affidavit was to the effect that he held a claim for collection against defendant, and that in a conversation with him in regard to such claim defendant told him, in speaking of the mortgage to William A. Lane, "that he had an understanding that he could use the proceeds of the sales of the stock to the extent of one-half thereof, as he saw fit, and would pay such of his creditors as let him alone." Walsh's affidavit states a similar conversation with defendant, at another time. Without stopping to discuss the importance or effect of such an understanding, in view of the opinion of this court in Lane v. Starr, before referred to, it is sufficient to say that defendant denies that either of such conversations had any reference to the mortgaged goods, or their proceeds, but says that he did tell them that he could do as he liked with a part of the proceeds of sales. for the reason that the mortgage covered but little more than half his stock. We think the affidavit of defendant, thus explaining these conversations, was sufficient to impair the force of the affidavits to which it was responsive, and that they do not seriously antagonize each other as to truthfulness. As this was substantially all the evidence tending to support the grounds upon which the warrant of attachment was issued, we think the court below was justified in concluding that there was no such preponderance of proof with the plaintiffs—upon whom rested the burden—as entitled them to a continuance of the warrant of attachment. The order of the court discharging the attachment is affirmed. All the judges concurring.

REPORTER: A rehearing was granted in this case, and upon the ground that the court had considered the case from the original papers used in the court below and not as presented in the abstracts, and that while the original affidavit for attachment failed to charge secretion the abstract showed it did so charge, the court overruled its decision and reversed the order appealed from.