## HORNICK DRUG CO. v. LANE.

1. A motion to discharge a warrant of attachment should be refused unless the defendant, or other moving party, denies the existence of every statutory ground alleged in the affidavit upon which the warrant was issued.
2. Where the warrant is issued upon an affidavit alleging, among other statutory grounds, that the defendant has secreted and is about to secrete his property with intent to defraud his creditors, and the defendant on motion to discharge, controverts all the allegations of the affidavit except that of secretion, leaving that unnoticed and undenied, the motion to discharge should be refused.
3. The practical effect of denying a part of the allegations only, is to leave those undenied as though confessed.

(Syllabus by the Court.    Argued Feb. 8, 1890.    Opinion filed May 12, 1890.)

Appeal from district court, Spink county.

Motion to discharge an attachment.    Allowed.    Plaintiff appeals.    Reversed.

The facts so far as material are stated in the opinion.

*C. T. Howard and H. C. & T. J. Walsh.  (John B. & W. H. Sanborn, of counsel)* for appellant.

In order to justify the dissolution of an attachment all the essential grounds of the attachment must be positively denied. The moving papers must possess the essential features of good pleading.    Kritzer v. Smith, 21 Mo. 296; Garrett v. Trienen, 7 How. 465; Kuth v. Stetter, 25 Kan. 100; Wade on Attachment, 279; Dole v. Burleigh, 1 Dak. 218; Bliss Code Plead. 332.

A chattel mortgage upon a stock of goods which permits

the mortgagor to remain in possession and sell at his discretion the mortgaged property without applying and paying over the proceeds of the sales in satisfaction of the mortgage debt is fraudulent and void as to other creditors.    Basher v. Christopher, 15 Pac. 403; Wilson v. Voight, 13 Pac. 726; Robinson v. Elliott, 22 Wall 513; Wells v. Langebin, 20 Fed. 184; Horton v. Williams, 21 Minn. 110; Russell v. Winn, 37 N. Y. 591; Place v. Langworthy, 13 Wis. 629; Collins v. Meyers, 16 Ohio. 547; Stanley v, Bruce, 27 Mo. 269; Haugen v. Hachemeister, 21 N. E. 1046; Bruts v. Rochey, 69 Pa. 71; Putnam v. Osgood, 52 N. H. 148; Orton v. Orton, 7 Ore. 478; Gardner v. Johnson, 9 West Va. 403; Bump on Fraud. Con. 161; Swiggett v. Dobson, 17 Pac. 594; Woodward v. Goodman, 3 Cen. Law Jour. 343.   Counsel for appellant also used in this case their brief in the case of Lane v. Starr, *ante.*

*N. P. Bromley and A. B. Melville* for respondent.

Counsel for respondent filed and used in this case their brief in the case of Lane v. Starr, *ante.*

KELLAM, J.   This case comes to this court on appeal from an order of the district court discharging an attachment therein. The warrant was issued upon an affidavit charging that the defendant had "assigned, disposed of, and secreted his property, and was about to assign, dispose of, and secrete his property, with intent to defraud his creditors."   The principal ground relied upon to justify the issuing of the warrant was the giving of a certain chattel mortgage on a portion of his stock, by defendant and respondent, to his brother, William A. Lane, which mortgage appellants claim as to them. creditors of said respondent, was at least presumptively fraudulent on its face.   This question was fully considered and determined in Lane v. Starr, *ante.* 212, (decided at this term,) where it was held that there was nothing in the mortgage itself to impeach its validity; and the attachment must be sustained if at all, upon grounds other than any appearing upon the face of the mortgage.   Under our statute, (Section 4995.Comp. Laws,) one of the specific grounds justifying the issuing of an attachment is that the defendant has secreted, or is about to secrete, his

property with intent to defraud his creditors, and this was one of the facts in the attachment affidavit alleged to exist, and one of the grounds upon which the warrant of attachment was issued. If the affidavit had shown this fact alone, it would have been sufficient ground for the attachment, and, if the defendant had sought a discharge of the warrant by the court, he must have positively and definitely denied such allegation. In the procuring affidavit in this case it was charged that the defendant "had assigned, disposed of, and secreted his property, and was about to assign, dispose of, and secrete his property, with intent to defraud his creditors," and it was incumbent on him, on his motion to discharge, to meet each substantive ground alleged, and upon which the warrant had been issued, with a full and unqualified denial. We have examined with great care all the affidavits which were used in the court below on the motion to discharge, and can find no denial, nor any attempt at a denial, of this charge of secretion. There was an effort, at least, to traverse all the other statutory grounds for attachment, as alleged in the affidavit. The practical effect of denying a part of the allegations only, is to leave those undenied as though confessed. With this specific and positive allegation of the attachment affidavit uncontradicted, or even explained, it being alone sufficient to support the attachment, it was error in the court below to sustain the motion to discharge. The order of the district court discharging the warrant of attachment is reversed. All the judges concurring.