## NOYES *et al.* V. LANE.

1. The rules of this court contemplate a carefully prepared abstract or abstracts, which shall take the place of the original record, for the purpose of the hearing and decision of the case.
2. The case will be heard and decided upon the facts so presented, and the original papers will not be examined in this court, except to settle a disagreement between abstracts.
   Overruling 1 S. D. 125.

(Syllabus by the Court. Opinion filed March 19, 1891.)

Appeal from district court, Spink county. Opinion upon rehearing.

*T. J. Walsh, C. T. Howard, John B.* and *W. H. Sanborn,* for appellants.

An appellant's abstract is an allegation that the statements therein are a true presentation of the portions of the record therein referred to. If no additional abstract is made and no denial by an abstract of the appellant's statements, the appellate court is governed in the hearing and decision of the case by the statements in the appellant's abstract. A denial of the appellant's abstract cannot be made in argument or on motion, or in any other way than by serving an additional abstract.

Rules 17 and 18, supreme court South Dakota; White v. Savery, 49 Ia. 197; Farmer & Sons v. Sasseen, 63 Ia. 110; Eldridge v. Bell, 64 Ia. 129; Mielenz v. Quasdorf, 68 Ia. 627; State v. Tucker, Id. 50; Palmer v. Rodgers, 70 Ia. 382; Bailey v. Mut. Ben. Ass'n, 71 Ia. 690; Akton v. Koffman, 74 Ia. 18; Marsh v. Smith, 73 Ia. 293; Foley v. Heffernon, 70 Ia. 572.

*N. P. Bromley* and *A. B. Melville,* for respondent. No brief filed for respondent upon rehearing.

KELLAM, J. This case was originally heard and decided at the February term, 1890, of this court, and is reported in 1 S. D. 125, 45 N. W. Rep. 327. As stated in the former opinion, it was submitted on the briefs and arguments in Drug Co. v. Lane, 1 S. D. 129, 45 N. W. 329. There was a printed abstract of the case, but no brief, except as by agreement the brief in the Drug Co. Case was considered and treated as a brief in this

case.   The case was an appeal from an order of the district
court discharging an attachment.   The printed abstract stated
that the warrant of attachment was issued upon an affidavit
charging that the defendant had "assigned, disposed of, and
secreted his property, and was about to assign, dispose of, and
secrete his property, with intent to defraud his creditors." De-
fendant moved to· discharge the attachment upon affidavits,
which at least attempted to deny that he had or was about to
assign or dispose of his property with such intent, but they
were silent as to the charge of secretion.   That was not denied.
In the examination of the case after argument, upon referring
to the original papers, and for the moment overlooking the ab-
stract and its statements, we discovered that the original affi-
davit upon which the warrant was issued did not charge secre-
tion, and that consequently defendant would not be required to
deny it; and we decided the case upon what we found in the
original papers, instead of upon the facts presented by the ab-
stract, and in this we think we were wrong.   Our rules of
court contemplate a carefully prepared abstract, which
will ordinarily take the place of the record, for the pur-
poses of the argument and decision of the case.   Rule 17
requires the appellant, or plaintiff in error, in all civil
actions, to prepare, print, and serve upon the adverse counsel
an abstract which shall set forth so much of the record in the
cause as is necessary to a full understanding of all the ques-
tions presented to the court for decision.   Rule 18 supplements
this by providing that, if the respondent or defendent in error
deems the abstract of the appellant or plaintiff in error imperfect
or unfair, he may, in turn, prepare, print, and serve such addi-
tional abstract as he shall deem necessary to a full understand-
ing of the questions presented.   Said rule 17 sets out a very
full and complete form for such abstract, thus emphasizing its
importance.   The obvious purpose of these rules is to provide
an abstract or abridgement, which shall fairly exhibit so much
of the record as will present the questions of error, to be used
as a substitute for a usually voluminous record, much of which
would ordinarily have no bearing upon the particular questions to

be considered and decided.    The appellant's abstract is a representation, on his part, that the statements therein are a fair and true presentation of so much of the record as he deems necessary to a full understanding of the questions presented.    If respondent concede its correctness, he indicates it by his silence; otherwise he prepares an additional abstract, as in Rule 18. If he raise no question as to its correctness, he is taken to accept it, and it is treated by the court as a full and fair statement of the facts, by which the hearing and decision of the case is to be governed.    The court takes such abstract, so admitted by both parties to be correct, as the undisputed facts, and only examines the original record when there is a disagreement between the appellant's and respondent's abstracts.    We think it proper to state, however, that we should not feel inclined to hold the rule of the verity of the abstract so inflexible as to foreclose any application to this court to allow an amendment of the abstract.    Such timely application, under justifying circumstances, might be allowed upon such terms as might to the court seem fair and right.    The rules of this court in respect to the office of force of the abstract follow more nearly those of Iowa than of any other state whose rules we have examined, and are substantially like theirs, and the foregoing intimations are directly in line with the decisions of that state. See White v. Savery, 49 Iowa, 197; Farmer v. Sasseen, 63 Ia. 110, 18 N. W. Rep. 714; Eldredge v. Bell, 64 Ia. 129, 19 N. W. Rep. 879; Mielenz v. Quasdorf, 68 Ia. 627, 28 N. W. Rep. 41; Bailey v. Association, 71 Ia. 690, 27 N. W. Rep. 770.    We are satisfied we should have considered and decided this case upon the record as presented by the abstract, and upon that record the order of the district court discharging the warrant of attachment should have been reversed, as it was in Drug Co. v. Lane, *supra*, and for the reasons given in the opinion in that case.    The former decision of this case is hereby overruled, and the order appealed from is reversed.    All the judges concurring.