## CLEVELAND v. EVANS *et al.*

1. An appellant's abstract, if uncontradicted, will be treated in this court as true.

2. Where the abstract does not set out the judgment in form, but recites that the case was "submitted to the court," and that "the court rendered the following judgment and order," and there is nothing in the abstract inconsistent with such recitals, it will be accepted as true that the order and judgment referred to were made by the court and not by the judge.

3. An unexecuted verbal agreement for the conveyance of land, without more, is invalid, and unenforceable.

4. An answer which sets up an unexecuted verbal agreement without other facts, by which the debtor was to convey and the creditor to accept certain real estate in payment of a debt, sets up no defense to an action to recover on said indebtedness, and is demurrable.

(Syllabus by the court. Opinion filed March 3, 1894.)

Appeal from circuit court, Fall River county. Hon. WILLIAM GARDNER, Judge.

Action to recover for breach of contract. There was judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion. ·

*Anderson & Anderson*, for appellants.

*G. M. Cleveland*, for respondent.


KELLAM, J. Respondent brought this action against appellant, alleging in his complaint that in April, 1891, the parties contracted with each other that respondent should serve appellant as an attorney for the term of one year, in consideration of which appellant undertook to pay respondent $500 in cash, and guarantied him a further income of $2,000; that respondent performed on his part for the period of seven months, when, without fault on his part, appellant prevented further performance; that by the terms of said contract there was due respondent thereon at the commencement of this action the sum of $949. The answer admitted the facts so alleged, but stated as and for an affirmative defense that respondent verbally agreed to accept, and the appellant to give, in lieu of said sum of money mentioned in the complaint, and in payment thereof, certain lots in the town of Hot Springs, in Fall River county, S. D.; but appellant did not execute and deliver a deed thereof,

for the reason that he was induced to believe that respondent did not then desire such deed, but that subsequently, and on the 28th day of July, 1892, he offered said deed to respondent, which was refused, and he has ever since held the same, subject to his order, and so notified him. To the answer respondent demurred on the ground that it did not state a defense. The demurrer was sustained, and, appellant electing to stand on his answer, judgment was rendered against him, from which he appeals.

Prior to the argument; respondent moved to dismiss this appeal, for the reason that the judgment so entered was not made or rendered by the court, but by the judge. and was not the subject of an appeal. The abstract does not set out the judgment in form, but it states: "And on October 29, 1892, the same [referring to the demurrer] was submitted to the court, and on October 31, 1882, the court made the following ruling thereon and order: That said demurrer be sustained, and, defendants having elected to stand on their answer, it is ordered that plaintiff have judgment as prayed in the complaint; and on October 31, 1892, the court rendered the following judgment and order:" The respondent filed no abstract contradicting these facts, and it must be held, for the purposes of this motion, as true that the court sustained the demurrer, and gave and rendered the judgment. We have so often announced and adhered to the rule that an uncontradicted abstract will be treated as true, and constitute the record upon which the case will be heard in this court, that it seems supererogatory to cite cases. See Noyes v. Lane (S. D.) 48 N. W. 322; Irrigation Co. v. Schone (S. D.) 50 N. W. 356. The motion to dismiss is denied.

The principal question presented by the demurrer is, does the fact that the appellant verbally agreed to give, and respondent thus agreed to accept, the lots described in payment of the claim, constitute a defense to the action? Such an agreement, to-wit, a verbal agreement for the purpose named, is by

Sections 3544 and 3617, Com. Laws, declared to be invalid,— that is, not binding upon the parties; not enforceable. See And. Law Dict. p. 1080. In McLaughlin v. Wheeler, 1 S. D. 497, 47 N. W. 816, we held that where, in a contest between the principal and agent, evidence of verbal authority to the agent to contract concerning land was offered and received without objection, no motion being made at any time to strike it out, and on motion for a new trial it was still unobjected to, there was a waiver of appellant's right to object that such oral agreement was not binding on him; that, after consenting to try the case upon that theory, and allowing judgment to be entered without any intimation that he was unwilling to be bound by his oral authority to the agent, he could not, in this court, for the first time make the point that he was not bound by such oral authority. Authorization by parol was not unlawful, and the principal might make it good against himself by thus consenting to it. But in this case respondent did object, and raised the question at the first opportunity. The demurrer admits that the parties did agree orally that appellant should give and respondent should accept the described real estate in lieu of money. The agreement was never executed. Whether the unexecuted agreement constituted a defense to an action for the money would depend, we think, upon whether, under the facts pleaded, the contract was enforceable by the appellant. Our statute, by the sections already referred to, declares that such an agreement is invalid. If invalid it cannot be enforced by or against either party to it. The rule is that where, on the face of a pleading, upon which specific performance is claimed, it appears that the agreement was oral, the pleading is demurrable. Randall v. Howard, 2 Black 585; Howard v. Brower, 37 Ohio St. 402; Walker v. Locke, 5 Cush. 90; Chambers v. Le Compte, 9 Mo. 575; Maxw. Code Pl. 376. Judge Story says the doctrine is firmly established "that, even where the answer confesses the parol agreement, if it insists by way of defense upon the protection of the statute, the defense must prevail as

a competent bar." 1 Story Eq. Jur. § 757. Such oral contracts are never enforced, unless other conditions exist which bring the case within some of the exceptions in which courts of equity relax the rule to prevent fraud and imposition. Authorities upon this proposition are unnecessary, for, without them, such is the plain direction of our statute. It declares such unwritten agreements invalid, but reserves to a court of equity the power to compel specific performance of any agreement for the sale of real property in case of part performance thereof." There is nothing in this case to show that anything had been done even looking towards a performance of this contract. It commenced and ended with the oral agreement that at some future time the transfer should be executed. Conceding that the answer means all that the appellant claims for it, that upon a settlement between the parties it was mutually agreed that these lots should be conveyed by appellant and accepted by respondent in full payment of the amount so found due, it was still an agreement not in writing, and never executed in whole or in part, by either party to it. The lots were to be conveyed in payment of the indebtedness, but the lots were never conveyed, and so the indebtedness never was paid. It is true, appellant says the agreement never was executed, because he was led to believe that respondent did not "then" desire it to be done; but this is only a reason why a requisite condition did not exist, and does not supply the condition. The judgment of the circuit court is affirmed. All the judges concur.