## JONES v. MEYER.

1. In the absence of fraud, an insolvent debtor may execute a chattel mort-gage to secure a just debt, although the collection of other valid claims is thereby defeated.

2. When the averments of an affidavit for an attachment are disputed upon an application for a discharge thereof, it is incumbent upon the attach-ing creditor to show, by a fair preponderance of the evidence, that some ground specified in said affidavit existed when the attachment is-sued.

(Syllabus by the Court. Opinion filed June 15, 1895.)

Appeal from circuit court, Meade county. Hon. CHAS. M. THOMAS, Judge.

Action in attachment. The attachment was dissolved, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*M. McMahon* and *McLaughlin & McLaughlin,* for appel-lants.

Good faith on the part of husband and wife must be shown where transactions are had between them to the prejudice of the

husband's creditors. Williams v. Harris, 54 N. W. 926; Hoxie v. Price, 31 Wis. 86; Post v. Stiger, 29 N. J. 559; Lee v. Cole, 44 N. J. 328; Smith v. Tosini, 49 N. W. 299; Gettlemen v. Gietz, 47 N. W. 660; Bridgeman v. Christie, 25 Atl. 939.

*Martin & Mason,* for respondent.

The grounds of attachment stated in plaintiff's affidavit being denied the burden of proving them is upon the plaintiff. Wyman v. Wilmarth, 1 S. D. 172; Wilcox v. Smith, 4 S. D. 125.

An appellate court will presume that the decision of a trial court upon the weight of evidence is correct, and will reverse only where there is a clear preponderence of the evidence against such decision. Randall v. Burke, 4 S. D. 337; Black Hills v. Gardiner, 5 S. D. 246.

FULLER, J. This appeal is from an order dissolving an attachment issued in an action to recover the amount due upon a promissory note for $2,542.70 and the affidavit of plaintiff upon which the writ issued states that the defendant "has assigned and disposed of his property with intent to defraud his creditors, and has secreted some of his property with like intent, and is about to secrete more of his property with like intent, and that he is about to dispose of more of his property with like intent." From the evidence of the numerous witnesses who testified on the hearing of the motion to discharge the attachment it appears that the defendant, an insolvent farmer, was being embarrassingly pressed by several creditors, and that a sheriff's deed had or was about to issue, as the result of a foreclosure upon certain land which defendant had previously mortgaged, and upon which he was cultivating and harvesting a crop. It appears that, sometime during the month of June or July, 1893, the defendant entered into an agreement to repurchase said land, and the consideration agreed upon was $4,000,—$1,000 to be paid in the fall of 1893, and $500 each year thereafter for six successive years. As a part of the transaction defendant agreed to execute a chattel mortgage upon his entire crop of 1893, to secure his obligation of $4,000, and pursuant

thereto the mortgage was executed and filed for record on the 4th day of August, following. It was also understood between the parties that upon payment of the $1,000 first due, a deed was to be executed to defendant, and the remaining $3,000 of the purchase price was to be secured by a mortgage upon the premises. Prior to the filing of the $4,000 chattel mortgage, a number of judgments had been docketed against the defendant, and one for $75 was rendered on the day immediately preceding the execution of said mortgage. A regardful examination of the record convinces us that the trial court was justified in concluding that the various mortgages given by defendant upon his real estate and personal property during prior years were executed in the utmost good faith, to secure valid obligations, and not to defraud creditors, and those transactions, one of which antedates the note upon which plaintiff brought suit, will receive no further attention. The aggregate value of the crops included in the $4,000 mortgage executed on the 4th day of August, but drawn by the agent of the mortgagee in the city of Deadwood several days prior thereto, was estimated at about $2,000, exclusive of the expense of harvesting and securing the same, and a consideration of all the facts and circumstances resulting in the execution of the mortgage fails to disclose a fraudulent transaction. The mortgage upon his land had been foreclosed, the term for redemption had expired, and it was within the power of the mortgagee to demand and obtain possession of the premises at any time. In view of all the circumstances, the acceptance by the defendant of a proposition that a orded to him an opportunity to regain what he had lost was not an unusual transaction, although by its terms he was compelled to mortgage everything he possessed. The affidavit of defendant, upon which was based the motion for dissolution, traversed every ground upon which the attachment issued, and the facts and circumstances disclosed by other witnesses, who testified upon the hearing of the motion to dissolve the attachment, tend to corroborate his statements in every material particular. The averments of the affidavit for an attachment were sufficient to justify

the issuance thereof, but when the same were disputed, upon the hearing of the motion to dissolve the attachment, it was incumbent upon the attaching creditor to show, by a fair preponderance of the evidence, that some ground specified in the affidavit existed as a matter of fact at the time the attachment was issued. Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190; Wilcox v. Smith, (S. D.) 55 N. W. 1107. The record discloses no transaction on the part of respondent inconsistent with the conduct of an honest debtor in straightened circumstances, and the order appealed from is affirmed.