### Peart v. Chicago, M. & St. P. Ry. Co.

1. Under the rules, the supreme court will not examine the bill of exceptions except to settle a disagreement between abstracts; and an objection by an appellee, on reversal, to the taxation of costs for the printing of so much of appellant's abstract as contains the evidence, on the ground that the bill of exceptions contains no specification of errors relating thereto, occurring at the trial and excepted to, cannot be considered unless the fact relied on is shown by the abstract or by an additional abstract.

2. An appellant is not required to recite in his abstract the exceptions to evidence reserved during the trial.

(Opinion filed June 17, 1896.)

Appeal from circuit court, Minnehaha county. Hon. Jos. W. Jones, Judge.

Petition for rehearing, and appeal from clerk's taxation of costs. Petition denied, and taxation of costs affirmed.

For former opinion see 8 S. D. 431, 66 N. W. 814.

*H. H. Field* and *Winsor & Kittredge,* for appellant.

*Joe Kirby,* for respondent.

Haney, J. Plaintiff and respondent petitions for a rehearing, and appeals from the clerk's taxation of costs. So much of the record as is required to present the errors for which the judgment was reversed will be found in the opinion of this court reported in 66 N. W. 814.

The precise question presented is this: Is it reversible error for a trial judge in this state, to read an instruction, as an in-

struction requested by one of the parties, in language substantially different from that requested? Whether a trial court may not refuse a request which correctly declares the law if, in its own charge, the same point is covered by a proper instruction, or whether it may not modify a request, and give such modified instruction as its own, is not involved in this case. Here the court said to the jury: "Defendant requests me to say to you that you should be govered by the following rule of law," and then proceeded to give them a rule substantially different from that requested. In plain language, this is what was done: After the evidence was in and argument closed, and when the jury were listening to and weighing each word of the trial judge, in a case wherein one jury has found for plaintiff, and another for defendant, he told them he had been requested to make a certain statement for and on behalf of defendant, regarding one of the material issues in the case, when, in truth and fact, he had not been requested to make any such statement at all. If this is not, we are at a loss to know what would be, reversible error. Had the court given these modified instructions without saying he was requested to so give them by the defendant, or if he had given them as requested, and then told the jury that the modifications were by the court the argument and authorities of counsel for respondent would deserve serious attention, and it might be necessary to consider whether the instructions as modified correctly declared the law. Were such the situation of this record, we think, as to the first modified instruction, there was manifest error; but such is not the situation, and we are entirely content with the position taken by Mr. Justice FULLER, in the opinion above cited, being unable, after a most careful and laborious search among the statutes and adjudications of other states, to find any decision in conflict with such position. As stated by Mr. Justice SHANNON, one of the distinguished and learned commissioners who prepared the Codes of 1877, and whose luminous opinions have always been recognized authority on questions of practice in

this jurisdiction, Secs. 258 and 249, Code Civ. Proc. (now Comp. Laws, §§ 5048, 5049), "are anomalies in our system of practice. They are not reported by the codifiers, but were mostly taken from the practice act of Illinois. See Rev. Stat. Ill. 1874, p. 781. Nothing like them can be found in our old codes. or in those of New York and California." Lumber Co. v. Pennington, 2 Dak. 467, 11 N. W. 497. These sections are as follows: Section 5048: "The court in charging the jury shall only instruct as to the law of the case; and no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing; and when instructions are asked which the judge cannot give, he shall write on the margin thereof the word 'Refused,' and such as he approves he shall write on the margin thereof the word 'Given;' and he shall in no case, after instructions are given, qualify, modify, or in any manner explain the same to the jury, otherwise than in writing; *and all instructions asked for by counsel shall be given or refused by the judge, without modification or change, unless such modification or change be consented to by the counsel asking the same.*" Section 5049: "*All instructions given by the judge shall be read to the jury in the following order:* (1) *Defendant's instructions by defendant's counsel.* (2) *Plaintiff's instruction by plaintiff's counsel.* (3) Instructions given by the judge, of his own motion, if any, by the judge giving the same; and all instructions so given and read shall be taken by the jury in their retirement, and returned into court with their verdict. Exceptions to the giving or refusing any instruction, or to its modification or change, may be taken at any time before the entry of final judgment in the case." The foregoing provisions correspond exactly with the Illinois statute, except the words in italics, which are not found therein. This statute contemplates that the attorney of each party shall read the instructions requested by him and which are marked "Given" by the court, and that all instructions shall be in writing, and be taken by the jury in their retirement. It is evident that this system makes a distinction be-

tween instructions given by the court as its own and those given upon request of the parties; and the conclusion cannot be escaped that when any instruction is given as eminating from a party, if read either by the attorney or the judge, it must be given without modification or change, unless such modification or change is consented to by counsel. This is too plain for argument. It is what the statute requires, and, as we have shown, there are substantial reasons why an instruction, when given as coming from a party, should be given in the language of the party. No difficulty need arise from thus giving effect to the unmistakable intent of the statute, because, whenever the trial judge has any doubt as to the propriety of any request he can safely mark it "Refused," and cover the same ground by an instruction of his own. The petition for a rehearing is denied.

Respondent objects to costs being allowed for printing so much of the abstract as contains the testimony, for the reason that the bill of exceptions contains no specifications of errors relied upon, or particulars in which the evidence is alleged to be insufficient. If the bill of exceptions or statement of the case does not contain such specifications, it must be disregarded. Chandler v. Kennedy (S. D.), 65 N. W. 439. But the absence of such specifications from the statement has not been shown by an additional abstract, and its effect cannot be considered. Civil cases are heard and decided in this court upon the facts presented by an abstract or abstracts, and the original papers will not be examined except to settle a disagreement between abstracts. Noyes v. Lane, 2 S. D. 55, 48 N. W. 322. An appellant is required to set forth in his abstract only so much of the record as is necessary to a full understanding of all the questions presented to this court for decision, and to show that this court has acquired jurisdiction of the action. The assignment of errors contemplated by the rules of this court is a part of the abstract, distinct from the specifications required by statute to form a part of the record in certain cases. Such of the spec-

ifications as the appellant desires to call to the attention of this court will appear in his assignment of errors, and it would be an idle expense and waste of space to require him to print the same matter in another part of his abstract. In the case at bar, whether or not the bill of exceptions contains proper specifications of error is not a question presented by the appellant. Therefore, it was wholly unnecessary for it to incorporate them in its abstract, and, as it was not required to do so, no inference arises against it because of the omission. If respondent desired to present such a question—the defect of the record in respect to specifications—he should have done so by means of an additional abstract. In the case of Chandler v. Kennedy, *supra*, although not mentioned in the decision, an additional abstract was filed by respondent, wherein it is alleged that the "bill of exceptions contained no specifications of errors at law occurring at the trial, and excepted to by defendant." This allegation not having been denied, the absence of such specification was established; and properly brought to the attention of the court. Sup. Ct. Rules, 12, 13; Noyes v. Lane, 2 S. D. 55, 48 N. W. 322; Bem v. Bem, 4 S. D. 138, 55 N. W. 1102; Mercantile Co. v. Faris, 5 S. D. 348, 58 N. W. 813; Id. 6 S. D. 651, 60 N. W. 403; Randall v. Burk Tp. 4 S. D. 337, 57 N. W. 4; Billingsley v. Hiles (S. D.), 61 N. W. 687; Thompson v. Ulrikson (S. D.; not yet officially reported), 67 N. W. 626. Having to assume that the bill of exceptions or statement in fact contains proper specifications, the conclusion cannot be avoided that appellant was entitled to print such portions of it as were necessary to a full understanding of all questions presented to this court for decision, and, having done so, is entitled to recover costs therefor. As the other objections of respondent to the clerk's taxation rest upon the same ground, the action of the clerk must be affirmed.