## DALEY v. FORSYTHE *et al.*

1. On appeal from an order denying a motion to fix a time when a party might move for a new trial on the ground of newly discovered evidence, a bill of exceptions is not necessary.

2. Plaintiff gave notice of a motion for a new trial on specified grounds, to be made on bill of exceptions. No bill was settled, and afterwards plaintiff moved for an order fixing a time when he might move for new trial on the ground of newly discovered evidence. *Held,* that an order denying such motion as being beyond the discretion of the court, in that newly discovered evidence was not specified as one of the grounds in the former notice, raises a question of law, affecting substantial rights, and is appealable.

(Opinion filed June 24, 1896.)      *

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action by Patrick Daley against John Forsythe and Frank Brown. There was judgment for defendants, and from an order denying a motion for fixing a time to move for new trial the plaintiff appealed. Respondents moved to dismiss the appeal. Motion denied.

The facts are stated in the opinion.

*Boyd, Bangs & Boyd,* for appellant.

*James W. Fowler* and *Schrader & Lewis,* for respondents.

HANEY, J. It appears from the abstract, upon which causes are heard in this court—Noyes v. Lane, 2 S. D. 55, 48 N. W. 322; Bem v. Bem, 4 S. D. 138, 55 N. W. 1102; Cleveland v. Evans, 5 S. D. 53, 58 N. W. 8; Peart v. Railway Co. (S. D.) 67 N. W. 837—that a trial of this action resulted in a judgment for defendants, of dismissal and for costs. Plaintiff gave notice of intention to move for a new trial, designating the sixth and seventh statutory grounds, and that the motion would be made upon a bill of exceptions. No bill was settled, nor was the motion for a new trial heard. Subsequently plaintiff moved for an order of the court fixing a time within which he might move for

a new trial upon the ground of newly discovered evidence. At the hearing of this motion, defendants objected to its consideration, for the reason that the former notice of intention did not specify, as one of the grounds, newly discovered evidence. This objection was sustained, and plaintiff's motion denied for the reason stated in the objection. From the order denying plaintiff's motion, he appealed, and defendants now move this court to dismiss the appeal upon the following grounds: (1) No bill of exceptions was ever settled; (2) The order is not appealable; (3) the questions determined by such order were wholly discretionary, and did not affect any substantial right.

The first ground of respondents' motion cannot be considered, because no bill of exceptions is necessary. Bailey v. Scott, 1 S. D. 337, 47 N. W. 286. The second ground might require serious attention if the abstract did not show that the exercise of discretion invited by plaintiff's motion was not exercised. In place of considering plaintiff's affidavits, and the propriety of extending the time in which he might move for a new trial, the court decided that it could not exercise any discretion in the matter, and refused to do so. Whether the absence of newly discovered evidence as one of the grounds of the former notice precluded plaintiff from subsequently moving on that ground is the question of law which was decided against plaintiff—the question involved in this appeal, and one which affects a substantial right, to be determined when this appeal is heard upon its merits. "It will not answer for counsel to urge that the order was a discretionary one with the court, when the record clearly shows that the discretionary powers of the court have never been invoked." Champion v. Commissioners, 5 Dak. 416, 41 N. W. 739. To the same effect, State v. Van Nice (S. D.), 63 N. W. 537. The motion to dismiss is denied. Respondents will have 30 days within which to serve and file their brief and an additional abstract, if they elect so to do,