## DALEY v. FORSYTHE *et al.*

Denial of motion for new trial on the ground of newly-discovered evidence, where the showing as to diligence and materiality of the evidence is challenged, involves an exercise of discretion, which cannot be disturbed in the absence of manifest abuse.

(Opinion filed, Feb. 2, 1898.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action on grub-stake mining contract. Defendants had judgment, and from an order denying his motion for a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Boyd, Bangs & Boyd,* for appellant.

The motion for a new trial, upon the ground of newly discovered evidence, should have been granted. Gaines v. White, 1 S. D. 442.

*James W. Fowler* and *Schrader & Lewis,* for respondents.

The motion was properly denied, because the alleged newly-discovered evidence would not have changed the result.

Gaines v. White, 1 S. D. 442; 1 Hayne, New Trial, 257, § 91; Grace v. Arthur, (Wis.) 45 N. W. 518.

HANEY, J. This action was tried by the court, and resulted in a judgment in favor of defendants. Notice of the decision was given March 19, 1895. March 29, 1895, plaintiff served notice of intention to move for a new trial, upon a bill of exceptions, designating the sixth and seventh statutory causes. No exceptions were settled, and December 31, 1895, plaintiff served a second notice of intention to move for a new trial, and notice of motion to strike out certain portions of the findings of fact. On January 8, 1896, these motions of plaintiff came on for hearing, together with a motion of defendants to purge the records of plaintiff's motion for a new trial, and its supporting affidavits. This latter motion was sustained January 11, 1896, from which ruling no appeal was taken. January 21st, plaintiff moved for an order fixing a time within which he might serve a notice of intention to move for a new trial upon the ground of newly discovered evidence, to which defendants objected (1) on the ground that the court did not have jurisdiction to hear such motion, because of the facts shown by the record; and (2) for the reason that plaintiff's showing was wholly insufficient to show either diligence or materiality of the newly-discovered evidence. The court having read the motion and the affidavit in support thereof, and considered the objections and arguments of counsel, plaintiff's motion was denied. From the order denying such motion, plaintiff appealed.

It will be observed that defendant's objections not only questioned the jurisdiction of the court, but challenged the sufficiency of plaintiff's showing as to diligence and materiality of the alleged newly-discovered evidence, thus invoking an exercise of discretion which cannot be disturbed by this court in the absence of manifest abuse. The ruling of the court was not based alone upon the question of jurisdiction, as appeared from appellant's abstract, when respondents' motion to dismiss this

appeal was denied. Daley v. Forsythe, 9 S. D. 34, 67 N. W. 948. Since our former decision, respondents have filed an additional abstract, disclosing a condition of the record essentially different from that presented upon the motion to dismiss. After an examination of the affidavits read in support of plaintiff's motion, and consideration of the entire record, without deciding whether or not, in a proper case, the trial court may allow a second or amended notice of intention to move for a new trial to be served after the statutory period has expired, we hold that the court did not abuse its discretion in denying plaintiff's motion, and its order is affirmed.

Rehearing denied June 15, 1898.