## LINDQUIST v. JOHNSON *et al.*

Where an attachment affidavit charged that defendants had disposed of a part of their property with intent to defraud creditors, and were about to dispose of the balance thereof with such intent, and that the debt was incurred for property obtained by false pretenses, it was error for the court to vacate a writ issued thereon on defendants' motion, he having failed to deny that the debt was incurred for property obtained under false pretenses, since by Comp. Laws, § 4995, subd. 3, such allegation was alone sufficient to entitle plaintiff to an attachment.

(Opinion filed February ,7 1900.)

Appeal from circuit court, Roberts county. Hon. A. W. CAMPBELL, Judge.

Attachment by A. W. Lindquist against Otto T. Johnson and another. From an order vacating the writ on motion, plaintiff appeals. Reversed.

*J. J. Batterton,* for appellant.

*Howard Babcock,* for respondents.

CORSON, J. This is an appeal from an order discharging an attachment. The affidavit upon which the warrant of attachment was issued states, as the grounds of the attachment, "that defendants have assigned, disposed of, and secreted a portion of their property, with intent to defraud their creditors; and that said defendants are about to dispose of, assign, and secrete the balance of their property, with intent to defraud their creditors; and also that said debt was incurred for property obtained under false pretenses." A motion was made on the part of the defendants to vacate, set aside, and discharge the attachment upon the following grounds: "(1) That the affidavit of attachment upon which said attachment was issued

does not state facts sufficient to authorize the issuing thereof; (2) that the allegations of said affidavit for attachment * * * were and are false and untrue, and no grounds for said attachment at any time existed or now exist." Affidavits in support of the motion, and also rebutting affidavits, were read on the hearing, and the court made an order vacating, setting aside, and discharging the warrant of attachment, for the reason that "no sufficient grounds exist for said attachment." From this order the plaintiff has appealed to this court.

It will be noticed that the affidavit upon which the warrant of attachment was issued states several grounds for issuing the same among which is "that said debt was incurred for property obtained under false pretenses." The defendants, in their affidavits in support of their motion to discharge the attachment, nowhere deny the existence of the last ground for the attachment. They deny, or attempt to deny, the existence of the other grounds stated for the attachment, and their affidavits are quite full in the statement of facts in support of such denial. The last ground for the attachment stated in the affidavit is one of the statutory grounds for the same, as appears by Subdivision 3, § 4995, Comp. Laws. The failure of the defendants to deny this ground for attachment leaves one sufficient ground for the attachment undenied. If the affidavit had shown this fact alone, it would have been sufficient ground for the attachment, and, if the defendants had sought a discharge of the warrant by the court, they must have positively and definitely denied such allegation. It was incumbent, therefore, on the defendants, on their motion to discharge the attachment, to meet each substantive ground alleged, upon which the warrant had been issued, with a full and unqualified

denial. There was an effort, at least, to traverse all the other statutory grounds for attachment alleged in the affidavit, and the practical effect of denying a part of the allegations only is to leave those undenied as though confessed. The affidavit upon which the warrant was issued seems to be proper in form, and fully specified the amount the plaintiff claimed, and the grounds therefor. It was error, therefore, in the circuit court to sustain the motion. Drug Co. v. Lane, 1 S. D. 129, 45 N. W. 329; Jones v. Meyer. 7 S. D. 152, 63 N. W. 773; Keith v. Stetter, 25 Kan. 10 ; Tucker v. Frederick. 28 Mo. 574; Dumay v. Sanchez, 71 Md. 508, 18 Atl. 890; 1 Shinn, Attachm. § 353; Drake, Attachm. § 101. The order of the circuit court is reversed.