FARMERS' & MERCHANTS' STATE BANK OF TRIPP, Respondent, v. DOERING, et al, Appellants.

(221 N. W. 373.)

(File No. 6235. Opinion filed Sept. 29, 1928.)

*Walker & Gurley*, of Armour, for Appellants.

*Wicks & Quinn*, of Scotland, S. D., and *Stewart Sharpe*, of Delmont, for Respondent.

BROWN, J. In this case the brief of appellant is compiled without regard to a rule of the court to which attention has been called repeatedly, from the beginning of the state's history down to the present time. Rule 3 provides that the statement or abstract

part of the brief must precede and be separate and distinct from the authorities and argument, and it is the abstract that must contain the substance of the record, required under rules 4-7, inclusive. This necessarily includes the statement of the evidence given on the trial.

Appellant's abstract in this case contains no statement of the evidence whatever, and the only reference to the evidence is in the argument portion of the brief. In Noyes v. Lane, 2 S. D. 55, 48 N. W. 322, it was explicitly pointed out that the printed abstract in the Supreme Court takes the place of the original record, and that this court will not resort to, nor examine, the transcript, except when there is a disagreement between appellant's and respondent's abstracts, and the former decision of the case in 1 S. D. 125, 45 N. W. 327, was reversed for the reason that in arriving at it the court had considered the original record, to which our present "settled record" corresponds, whereas the court should have decided the case solely upon the facts shown by the printed abstract.

We shall not undertake to collect the numerous cases since the decision of Noyes v. Lane, supra, in which this rule has been reiterated. Some of them will be found referred to in Lothian v. Western Union Tel. Co., 25 S. D. 319, 126 N. W. 621. See, also, Harrison v. Chicago, M. & St. P. Ry. Co., 6 S. D. 100, 60 N. W. 405; Halverson v. Glass, 36 S. D. 225, 154 N. W. 444; Farmers' State Bank v. Van Houten (S. D.) 219 N. W. 206.

The necessity for the evidence and other matters necessary to a view of the case appearing in the abstract part of the brief is apparent from the barest inspection of the rules and a consideration of the statements of this court in the cases above cited. Rule 3, as we have seen, requires the abstract part of the brief to contain any statement of the record relied upon. Rule 6 provides that if respondent deems appellant's statement of the record imperfect or unfair he may make such additional statement as he deems necessary, and rule 7 provides that if appellant disputes the correctness of respondent's statement he shall in a reply call attention to the particulars wherein he claims respondent's statement to be inaccurate. It will be observed that under the rules it is only the statement of the contents of the settled record, or abstract, that needs to be disputed by the opposite party. He is not required to

dispute any part of the argument portion of his adversary's brief. Failing to question the correctness of the abstract, it is taken as true, but failing to question assertions in the argument neither admits the truth of such assertions nor concedes that the argument is irrefutable.

A. G. Doering alone appeals and in his brief states his contention in these words:

"As we view this case, the sole question in this appeal is whether or not the defendant was entitled, under the evidence, to have the jury pass upon the facts. If the evidence is not sufficient to warrant its submission to the jury, then, in that event, the court was correct in directing a verdict against the defendant, and if the evidence was sufficient to bring the issues of the case, as to facts, for consideration of the jury, then the court erred in taking the case away from the jury."

Nowhere in appellant's brief does it appear affirmatively that it contains a statement of all the material evidence given upon the trial, and in the absence of such a statement, this court presumes that every fact was proven which was necessary to justify the direction of the verdict. Malloy v. Chicago, M. & St. P. Ry. Co., 34 S. D. 330, 148 N. W. 598.

Even if we should consider the evidence set out in the argument part of appellant's brief, we should have to affirm the judgment and order appealed from. That evidence, and the additional undisputed statement in respondent's brief, show that appellant gave the notes sued on for stock in Commercial & Savings Bank of Sioux Falls. He says he never got the stock, but he received a dividend upon it and he renewed the notes from time to time from 1916 down to November, 1924, the later renewals being made after defendant had full knowledge of the representations which he now sets up as a defense.

Judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.