ELDREDGE v. BELL ET AL., EX'RS.

1. **Estates of Decedents**: SALE OF PROPERTY TO CREDITOR: OFFSETTING DEMANDS. Where the property of an estate is sold to pay debts, all the creditors have an equal *pro rata* interest in the proceeds, and one creditor cannot purchase the property, or a portion of it, and demand as a matter of right that his claim against the estate be deducted from the purchase price. Where the estate is insolvent, he must pay the full purchase price of the property, and accept upon his demand a *pro rata* share of the assets of the estate.

2. **Practice**: TREATING CLAIM AS IT IS PLEADED: NO GROUND OF COMPLAINT. Where an action is brought against executors for the allowance of a claim against the estate, and they plead as a counter-claim a demand due the estate which they are entitled to recover of the plaintiff as an independent cause of action, they cannot complain if the court treats the demand as counter-claim, and instructs the jury accordingly.

3. **Practice in Supreme Court**: ABSTRACTS SHOULD BE SELF-INTELLIGIBLE: PRESUMPTION IN FAVOR OF TRIAL COURT. In the absence of a conflict of abstracts, this court does not consult the transcript; and if the abstract is not sufficiently intelligible in and of itself to show the rulings made by the trial court, it will be presumed that there is no error.

4. ———: ERROR NOT ASSIGNED NOT CONSIDERED. A question not raised by the assignment of errors will not be considered, though urged in argument.

5. **Lessor and Lessee**: NON-ASSIGNABLE LEASE: FORFEITURE BY ASSIGNMENT. Where a paid-up lease was by its provisions not assignable, but the lessee did nevertheless assign it, such assignment did not of itself work a forfeiture, in the absence of a declaration to that effect by the lessor, and, after occupancy by the assignee, without objection by the lessor, the latter could not, under such a lease, collect rent of the assignee for the unexpired term.

6. **Instructions**: CLERICAL ERROR: PLAIN INTENT FOLLOWED BY JURY: NO ERROR. Although the instructions of the court are binding upon the jury, yet, where the court by a clerical error used the word "defendants" where *plaintiff* was meant, and the error and intent were manifest, and the jury followed the intent and not the language, *held* that the cause should not be reversed on the ground that the verdict was contrary to the instruction.

*Appeal from Delaware Circuit Court.*

TUESDAY, JUNE 10.

ACTION upon an account for labor and materials furnished in building a creamery. It is brought against Montgomery Bell and Martha Bell, as executors of the estate of Elisha Bell, deceased. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*Welch & Welch*, for appellants.

*J. H. Trewin* and *C. Yoran*, for appellee.

ADAMS, J.—I. The defendants assign as error that the court misstated the issues to the jury. The petition avers, in substance, that labor and materials were fur-

1. ESTATES of decedents: sale of property to creditor: offsetting demands.

nished by the plaintiff to the amount of $265.45, at the request of the defendant's testate, Elisha Bell; that that amount was due him, unless a credit ought to be applied in favor of the estate to the amount of $143.25, which became due from him to the estate by reason of a purchase made by him of certain personal property sold to him at an executor's sale; and, in case such application ought to be made, then the amount due him was the balance.

The defendants, for answer, denied that the plaintiff furnished labor and materials to their testate as alleged, and averred, by way of counter-claim, that there was due from the plaintiff to the estate the sum of $143.25 for personal property purchased by the plaintiff at an executor's sale, and

the further sum of $603.80, as rent which had become due from the plaintiff for the use and occupancy of a creamery for three years.

The plaintiff, for reply, admitted the use and occupancy of the creamery during the time alleged, but denied that he was indebted to the estate therefor, because, he says, he did not rent the same of the defendants, but occupied under an assignment of a lease, which had been executed by the defendant's testate to one Henry Arnold, one John Smith and one Henry Grow, and which lease had been executed to Arnold, Smith and Grow for a consideration already received. The court instructed the jury upon the theory that, if they found that there was anything due the plaintiff upon his account, the sum of $143.25, which the parties were agreed had become due the estate for personal property purchased by the plaintiff at an executor's sale, should be applied, and the balance be recovered by the plaintiff or defendants, according to the side upon which they found the balance to be. The defendants claim to be aggrieved by such instruction. They claim that the purchase money due from the plaintiff for the personal property was not applicable upon the plaintiff's claim, or at least not necessarily so, and that the jury should not have been so instructed.

It may be conceded that, where executors sell personal property of the estate to pay the debts, as we may presume was done in this case, the proceeds become a fund to be distributed under the order of the court, and, if the fund is insufficient to pay the debts in full, as possibly it was in this case, it should be divided *pro rata*. The defendant executors, under this view, were entitled in the outset to collect the purchase money for the property sold the plaintiff, regardless of any claim which might be due him. They had a claim which accrued to themselves and not to their testate. They could have brought an action and recovered the full amount. But

they did not undertake to do so. They pleaded it as a counter-claim; that is, as a counter-claim to the plaintiff, and applicable by way of deduction, if anything should be found due the plaintiff. The whole theory of a counter-claim is based upon the right of deduction. If that is not sought, the claim should be made the subject of an action where an independent judgment for the whole amount due can properly be rendered. We think that the court below treated the purchase-money claim precisely as the defendants pleaded it.

*2. PRACTICE: treating claim as pleaded: no ground of complaint.*

II. The defendants assign as error that the court erred in admitting in evidence "the charge of the lumber and hardware bill from George Stahle." The evidence shows that Stahle furnished lumber and hardware to the plaintiff for the creamery, and that Stahle charged the same to the Bell creamery. Further than this the abstract upon this point is unintelligible. It states as follows: "Plaintiff offers in evidence items of lumber amounting to sixty-eight dollars and forty-three cents." This was objected to, on the ground that "there is no proper evidence that Elisha Bell was to pay for the lumber furnished to the Bell creamery," and the objection was overruled. What is meant by offering in evidence items of lumber we do not know. The abstract seems to show that Stahle was being examined as a witness. We infer that he testified to the items in question as lumber sold by him to the plaintiff, but charged by him upon his books as sold to the Bell creamery. This, it appears to us, was allowable for the purpose of showing what lumber the plaintiff put into the creamery. The particular manner in which Stahle charged the same upon his books could not conclude the plaintiff. It is true that this evidence alone would not be sufficient to show that Elisha Bell became liable, but there is other evidence tending to show that he did.

*3. PRACTICE in supreme court: abstracts should be self-intelligible: presumption in favor of trial court.*

We are not certain that by the words, "plaintiff offers in evidence items of lumber amounting to sixty-eight dollars and

forty-three cents," it was not intended to show that the plaintiff offered an account. Of course, no account could be admitted merely as such, unless it was a book account, and, if the account was Stahle's book account, it was not admissible. But no objection is made upon such ground, and, besides, it does not appear what was offered, nor does it appear that whatever was offered was introduced.

We find in the abstract the following words: "Plaintiff proceeds with all of said lumber account." This was objected to, and the objection was everruled. This is assigned as error. What is meant by the plaintiff's proceeding with the lumber account we do not know. We suppose that the plaintiff proceeded with his examination of Stahle in regard to it. But we cannot hold that the court erred in admitting something; when we cannot discover what it was that the court admitted.

We ought, perhaps, to say that we find in the abstract constant references to the transcript. It seems to us probable that the defendants' counsel assumed that we would examine the transcript, and that it was not necessary that the abstract should be intelligible independent of the transcript. But, in the absence of a conflict of abstracts, we treat the abstract as the record in the case, and, if it is not sufficiently intelligible to show the rulings made, we act upon the presumption that there is no error.

III. The defendants contend in argument that the decedent's promise, if he made any, to pay the plaintiff for the

4. ——: error not assigned not considered. labor and materials furnished, was a promise to answer for a debt shown to be due from the Bell creamery as a corporation. But no error is assigned under which such question can properly be presented.

IV. The court instructed that there was no evidence tending to establish the defendant's claim for rent. The giving

5. LESSOR and lessee: unassignable lease : forfeiture by assignment. of such instruction is assigned as error. The evidence as set out in the appellants' abstract is confused, and much of it unintelligible. But

an amended abstract filed by the appellee, and which is undisputed, shows clearly that the plaintiff was to occupy rent free, the object being to secure the benefit of a creamery for those who were interested. Now, while it appears that the plaintiff held under the decedent's lessees, and while their lease, as appears, provided that it should not be assigned, yet the fact of such provision and the violation thereof did not, we think, work a forfeiture, in the absence of any declaration of forefeiture; and, so long as the lease subsisted, the right to collect rent was governed by the lease, and under that it does not appear that anything was due the decedent. *Shattuck v. Lovejoy*, 8 Gray, 204.

V. The defendants assign as error that the verdict is contrary to the eighth instruction given. The instruction as set out is in these words: "If under the instructions and evidence your verdict is for the plaintiff, your verdict should be in the following form: 'We the jury find for the defendants in the sum of \$—— (filling the amount.)'" The defendants contend that, under this instruction, the jury should have rendered a verdict for the defendants for some amount, even though they found all the issues for the plaintiff.

6. INSTRUCTIONS: clerical error: plain intent followed by jury: no error.

It is not to be denied that the rules of law as given by the court become the law for the jury, and, if they disregard the instructions in the rendition of their verdict, it must be set aside. But in the case at bar we cannot say that the instruction in question was disregarded. The court manifestly used the word " defendants," where it intended to use the word *plaintiff*. Such a mistake any lawyer or judge may easily make. Sometimes such mistake might introduce confusion and uncertainty. But in the case at bar it did not have that effect. No mind, professional or non-professional, could have the slightest doubt as to what the court meant. We see no error, and the judgment must be

AFFIRMED.