## LOWENSTEIN *v.* REYNOLDS.

## (*Jackson.* May 6, 1893.)

1. MECHANIC'S LIEN. *Subcontractors' furnisher of materials has none.*

A mechanic's lien does not attach, under our statutes, in favor of one who furnishes materials to a subcontractor, to be used by him in the erection of a building.

Code construed: § 2746 (M. & V.); § 1986 (T. & S.).

Acts construed: Acts 1873, Ch. 19; Acts 1889, Ch. 103.

Cases cited and approved; Cole Manufacturing Co. *v.* Falls, 90 Tenn., 470; Stone Co. *v.* Board of Publication, 91 Tenn., 200.

Cited and distinguished: McLeod *v.* Capell, 7 Bax., 196.

2. SAME. *Same.*

And such furnisher of materials to a subcontractor obtains no lien on the building by virtue of a stipulation in the building contract between the owner and the original contractor that all materials should be paid for by the owner's individual checks to the parties furnishing same.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

TAYLOR & CARROLL for Lowenstein.

FRAYSER & HEATH for Respondents.

CALDWELL, J. On the eighth day of July, 1890, Rosa Lowenstein contracted with E. B. Reynolds

to furnish materials and erect a house upon a certain lot of ground in the city of Memphis.

Contemporaneously with that contract, and as a part of it, Reynolds executed a bond, binding himself to hold Lowenstein harmless against all claims of subcontractors and material-men.

As the work approached completion, numerous demands for money were made upon Lowenstein, by persons claiming liens for work and labor done and materials furnished.

The original bill in this cause was filed to bring all such claimants before the Court in one suit, and to hold Reynolds and his surety liable for a breach of his bond.

Among those several claimants was the Tennessee Brick and Manufacturing Company, which had furnished to R. D. Newport, a subcontractor under Reynolds, brick to the amount of $312 in value, for use in the construction of the building. With respect to that claim, complainant alleged that she had already paid Newport for the brick, and that she was in no way liable to the Tennessee Brick and Manufacturing Company for them.

That company answered the original bill, and filed a cross-bill, in which it asserted a furnisher's lien on the house and lot for the $312, and sought to have the same enforced by decree of the Court.

The Chancellor adjudged that the Tennessee Brick and Manufacturing Company had no lien on the property of the original complainant, and dismissed the cross-bill as to her.

The complainant in the cross-bill has appealed.

The decree is clearly right. Having furnished the brick in question to a *subcontractor*, and not to the original contractor, or to Rosa Lowenstein herself, the Tennessee Brick and Manufacturing Company had no lien upon her property. The statutes provide no lien in such a case. A furnisher of materials to a *subcontractor* is one degree too far from the owner. It is only the person furnishing materials to the owner, or to the original contractor, who is given a furnisher's lien.

In a recent case this Court, speaking through Judge Lurton, held that a person furnishing building materials to a *subcontractor* did not thereby become entitled to a furnisher's lien on the building constructed. *Stone Company* v. *Board of Publication*, 91 Tenn., 200. That case is exactly in point, and controls this one absolutely. In deciding that case, the Court considered all the legislation on the subject, though only the original act of 1845–6, the enlargement by the Code of 1858, and the amendatory act of 1859–60 were in terms mentioned in the opinion. The Acts of 1873 (Ch. 19), of 1881 (Ch. 67), and of 1889 (Ch. 103), extend the lien and enlarge the remedy for its enforcement in many important particulars, but they do not provide a lien for persons so remote from the owner as *the furnisher of materials to a subcontractor, or as a subcontractor of a subcontractor.*

The original Act of 1845–46, in its second section, made provision for a lien to all persons work-

35—8 P

ing for or furnishing materials to the original contractor. Code, § 1986 (M. & V., § 2746). Subsequent Acts have not extended the lien to persons further removed from the owner. *Cole Manufacturing Co.* v. *Falls,* 90 Tenn., 470, 471.

"To justify a construction which would extend this lien to remote contractors, or creditors of subcontractors, the statute should be so plain as to admit of no doubt." 91 Tenn., 204.

The provision in the contract between Lowenstein and Reynolds that *all money for brick-work and materials should be paid by individual checks to parties furnishing the same,* does not make the case any better for the Tennessee Brick and Manufacturing Company. If so intended, that provision could not have had the effect of enlarging the statute, and giving liens to persons not entitled to them by law. The scope of a statute cannot be extended in that way.

Again, if it be said that the object of the parties was to create a lien by contract, then the language employed was wholly inadequate for such a purpose; and, besides, there was no registration of the contract.

The same observations apply with equal force to the suggestion that the bond executed by Reynolds enlarged the rights of persons furnishing materials; but, in reality, neither the bond nor the contract, in any part or provision, contemplated any liens other than those given by statute.

The decision made in the case of *McLeod* v.

*Capell*, 7 Bax., 196, is not in conflict with that now made in this case. There the party in whose favor the lien was declared was but a *subcontractor*, and not a subcontractor of a subcontractor, or a furnisher of a subcontractor.

Affirm.