REED *v.* ESTES *et al.*

*(Jackson.* April Term, 1904.)

1. **MECHANIC'S LIEN.** Does not attach to property of lessor for improvements made under contract with lessee alone.

   Where the lessor allowed the lessee to make certain improvements on the leased premises, and agreed to, and did, contribute a certain sum towards the cost thereof, the contractor making the improvements under a contract with the lessee alone, has no lien upon the property of the lessor owner.

   Code cited and construed: Sec. 3531 (S.); secs. 2739, 2740 (M. & V.); sec. 1981a (T. & S.); sec. 1981 (1858).

2. **LEASE.** Construction of restriction in, against underletting. Case in judgment.

   The lease mentioned in the first headnote provided that the leased premises should be occupied and used as a saloon and residence, and the lessee agreed that he would not underlet said premises without the consent of the lessor, and that "in case of underletting, without authority, this lease may be declared forfeited by the lessor at her option." The contractor claimed a lien upon the entire property.

   *Held:* 1. A lessor may contract against both voluntary or involuntary assignments of the leased premises, or any part thereof, and provide for forfeiture, in case the restriction is violated.

   2. Contracts in restraint of the sale or transfer of property, and providing for forfeitures, are not favored by law.

   3. A restriction in a lease will not be enforced by forfeiture of the leasehold interest unless the case is brought clearly within the specified restrictions provided in the lease.

   4. The restriction in this lease merely applies to a voluntary underletting, and not to an involuntary sale or assignment of the leased premises.

Reed v. Estes.

5.  The lien of the contractor attached only to the leasehold es-
    tate, and the purchaser under this proceeding brought to en-
    force said lien will acquire only such estate therein as was
    held by the lessee subject to the terms and provisions of the
    lease.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

ROBERT B. GOODWYN, for Reed.

R. M. HEATH and W. A. BUCKNER, for Estes *et al.*

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

This bill was brought to enforce a mechanic's lien
claimed by complainant to exist in his favor upon the
fee in the real estate therein described, the property of
the defendant Mrs. Estes, for a portion of the debt due
him from her codefendants, Mallalieu & True, and upon
a leasehold estate in the same property held by the lat-
ter under a lease made to them by Mrs. Estes for a term
of years, for the remainder of it.

Complainant had no contract with Mrs. Estes or her
agent to make the improvements for which the debt sued
for is due.  His contract was solely with Mallalieu &

True, the lessees. Mrs. Estes' only connection with the improvements was an agreement made by her with her lessees allowing them to make the improvements, and agreeing to contribute $1,000 towards the cost of the same, which she has done.

The statute creating the lien claimed in this case (Shannon's Code, section 3531) confines it to cases where the contractor making the improvements has a special contract with the owner of the property upon which it is made or his agent.

The facts of this case do not bring it within this statute. Complainant did not contract with the owner or her agent. By his contract with the lessees he did not become the creditor of Mrs. Estes, or acquire any lien upon her property. A lessee cannot, without special authority to do so, create an indebtedness against the lessor or incumber his property for improvements. The bill must fail to this extent.

Relief against the leasehold estate is resisted upon the contention that the sale sought in this cause would be in effect an assignment of it without the consent of the lessor, which is prohibited by the terms of the lease.

The provision of that instrument relied upon is this:

"The property to be occupied and used as a saloon and residence . . . the second party agrees that they will not underlet the whole or any part of said premises without the written consent of the first party, or her assigns, and in case of underletting, without authority, this lease may be declared forfeited by said party at her

option  .  .  .  and the first party shall have the right to re-enter it and retain possession of the premises without being required to make demand."

A sale under execution or attachment is an assignment, to all intents and purposes. The provision of the lease relied upon, however, does not prohibit an assignment of it, but an underletting of the whole or any part of the property without the written consent of the lessor. A distinction is recognized between contracts in restraint of the assignment of a leasehold estate and those restricting the underletting of the property, but it need not be considered in this case.

Lessors may contract in leases against voluntary and involuntary assignments of the leasehold estate, or underletting of the whole or any part of the leased premises, and provide for forfeiture and re-entry in case the restriction is violated.

They have the right to select their tenants, and to restrict the occupation of their property to such persons as they may desire, and it is often necessary that this be done in order to protect and preserve the premises. A provision of this kind in a lease will be enforced according to the intention of the parties when clearly expressed in the instrument.

But contracts in restraint of sales and transfers of property, and forfeitures, are not favored by the law, and restrictions thrown around the assignment of leases, the underletting and occupation of property, followed by forfeiture when violated, must be clear and

specific, and will not cover cases not coming clearly within them.

There is no provision in this lease for personal occupation by the lessees; it merely limits the use of the property to saloon and residence purposes.

The restriction in the lease prohibits voluntary, but not involuntary underletting of the leased property.

A sale made in the enforcement of a mechanic's lien upon a leasehold is an involuntary underletting, and is not prohibited by a provision against a voluntary assignment or underletting, in the absence of collusion and fraud.

It is well settled in Tennessee that a mechanic's lien will attach to a leasehold estate for improvements made thereon at the instance of the lessee, to be enforced by a sale in the usual way, when an involuntary assignment or underletting is not forbidden in the lease, and the complainant is entitled to this relief in this case, there being no such restriction.

The purchaser will acquire only such estate therein as was held by the lessees, subject to all the terms and provisions of the contract made by them with the lessor.

The decree of the chancellor adjudging that complainant had a lien upon the fee in the property for a portion of the indebtedness due him for the improvements made is reversed; in all other things it is affirmed.