No. 23,333.

H. H. GORDON and DOLLIE GORDON, *Appellees*, v. H. E. WILCOX et al. (J. W. STANFORD, *Appellant*.)

#### SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Lease Assigned by Lessee—Assignee Liable for Rent*. Where an oil and gas lease provides for the payment of rent in case development is not begun within a stated time, one who takes an assignment of it as security for a debt owing to a bank of which he is cashier thereby becomes liable for the rent subsequently accruing.

Appeal from Montgomery district court; JOSEPH W. HOL-DREN, judge. Opinion filed July 9, 1921. Affirmed.

*T. H. Stanford*, of Independence, for the appellant; *L. G. Seacat*, of Independence, of counsel.

*P. L. Courtright*, of Independence, for the appellees.

The opinion of the court was delivered by

MASON, J.: On February 6, 1914, H. H. Gordon and his wife executed to H. E. Wilcox an oil and gas lease which was to remain in force for three years and as long thereafter as oil or gas should be produced. It contained a provision that if a ·well were not commenced within ninety days the lessee should pay at the rate of $2 per acre per annum, payable quarterly in advance, until the royalties should exceed the rentals. Wilcox executed to J. W. Stanford an assignment of a half interest in the lease on March 5, 1914, and on June 13, 1914, an assignment of the remainder, the assignments being duly recorded. No well was ever begun nor was any rent ever paid. On May 3, 1918, Gordon and his wife brought action for the rent against Wilcox and Stanford. Stanford pleaded and offered to show that Wilcox had executed the assignments to him merely as security for an indebtedness owing to a bank of which he was the cashier, and that he had never taken possession or operated thereunder. The trial court held that these facts would constitute no defense and directed a verdict for the plaintiffs. Stanford appeals.

The assignee of an ordinary lease of real estate as a general

rule is liable for the rent (16 R. C. L. 851), and by the weight of authority this liability attaches upon his acceptance of the assignment, whether or not he has taken possession, although there are cases to the contrary. (24 Cyc. 1180; 16 R. C. L. 854; Notes, 52 L. R. A., n. s., 981, Ann. Cas. 1916 E, 801.) The mortgagee of a leasehold is said to be liable for rent in juris-. dictions where a mortgage transfers the whole legal estate, and not liable in jurisdictions where the mortgage is regarded as a mere security. (24 Cyc. 1181.) It has been held that the mortgagee of the leasehold or assignee of the lease by way of security is liable for rent only where he takes possession. (2 Underhill on Landlord and Tenant, § 653; Thomas on Mortgages, 3d ed., § 165.)

The rules with respect to the liability of the assignee of a mining lease are doubtless much the same as in the case of an ordinary lease. (27 Cyc. 702.) The assignee is ordinarily liable for rent (1 Thornton on the Law of Oil and Gas, 3d ed., §§ 230-233) and by the weight of authority his liability does not depend upon his taking possession, particularly in the case of an oil and gas lease (Id. § 236). In a lease such as that here involved, where the lessee pays a money rent in lieu of beginning development, what he gets for his money is largely the present control of the property—the power to cause it to be developed or to withhold it from development. He who takes an assignment thereof even by way of security, although he may have no right to possession and no power to influence the operation of the lease, does in a way share in the control exerted by his assignor. Without his consent there could be no surrender of the lease while the assignment was in force, and by virtue of his relation to the matter he, in a sense, exercises dominion over the property. Whatever may be the rule in other situations we think that here the assignee, although he held the assignment merely as security for the debt which was owing to the bank of which he was cashier, was liable for the rent.

The judgment is affirmed.