No. 30,336.

ARLETTA M. POE et al., *Appellees*, v. LOUIS SILVER et al., *Appellants*.

(8 P. 2d 945.)

Opinion filed March 5, 1932.

*J. N. Tincher, Don Shaffer, Clyde A. Raleigh* and *Mable Jones Shaffer,* all of Hutchinson, for the appellants.

*Eustace Smith* and *Claude E. Chalfant,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover rent under a lease from the assignee of the lessee.

On July 5, 1927, the appellees entered into a written lease with Abe Bogoslosky whereby certain lots were leased to the lessee for the term of one year, beginning August 1, 1927, to be used as a junk yard in the purchasing and handling of iron and metals. The lessee agreed to pay rent for the use of the premises, the sum of $40 per month. It was further agreed that the lessee should have the option to renew the lease for a period of four years from the date of expiration thereon, on the same terms and conditions. The lessee exercised his option, and the lease was extended for four years from August 1, 1928. On March 12, 1929, the lessee sold the business he was operating on the premises described in the lease to the appellants. The contract of sale was in writing, and contained the following:

"The parties of the first part [appellants] shall further assume the lease on said premises that the parties of the second part have and be liable for all rents now due on said lease, and release second parties therefrom."

The appellants went immediately into possession of the property, paid the rent to the appellees and were accepted as their tenants. They occupied the premises until the first day of August, 1929, at which time they abandoned the same and refused to continue to pay the rent. The appellants alleged in their answer, which was admitted as true, that before entering into the contract of sale with the lessee he showed them a lease which showed on its face that it extended to August 1, 1928, and falsely and fraudulently represented to the appellants that the lease had been renewed to include the first day of August, 1929, and, relying upon the representations, entered into the contract, and agreed to pay the rent for the life of the lease. On these facts, which were agreed to by the parties, the court sustained a motion for a judgment in favor of the appellees and against the appellants.

The appellants bring this judgment here for review, contending that there was no assignment of the original lease, and that the fraudulent representations made by the lessee relieved them from the payment of the rent to the lessor.

It is well-settled law that any instrument which has the effect of transferring the entire interest of the lessee to a third person is an assignment. The form of such transaction is immaterial. Its character is determined by its legal effect. (16 R. C. L. 824.) The contract of sale constituted an assignment of the lease and the appellants thereby became the assignee of the lessee, assuming the obligations of the lease. The weight of authority is that the assignee of a leasehold is personally liable for the rent, and this is especially true when he takes possession of the property and occupies it as a tenant of the lessor. (*Gordon v. Wilcox*, 109 Kan. 524, 200 Pac. 282.) Does the alleged fraud constitute any defense to the claim of appellees? It is alleged that the appellants saw the lease in question and presumably had the opportunity to read its terms. They knew that they were going into possession under this lease. If they were deceived at all it was only on the question of whether the option provided in the lease had been exercised by the appellees. They went into possession of the property under the lease, paid the rent, were recognized and accepted as tenants of the appellees. The appellees were not parties to the fraud. They had a right to assume that the grantees knew the obligations of the lease. If the assignee enters into the possession and enjoyment of the premises he is

estopped to deny the legality of the transfer under which he entered, when sued by the lessor for the rent. (16 R. C. L. 853; 52 L. R. A., n. s., 985.)

Under the circumstances of this case the alleged fraud was no defense to appellees' claim, and the court properly sustained the motion for a judgment on the admitted facts and pleadings.

The judgment is affirmed.