MARY E. ALLEN et al. v. WILL W. BROWN et al.

Eastern Section. March 19, 1932.

Petition for Certiorari denied by Supreme Court, April 9, 1932.

406

Anderson & Word, of Knoxville, for complainants.

Wray & Wray and Green, Webb & Bass, of Knoxville, for defendants.

DeWITT, J. By devise and conveyances, Mrs. Mattie E. Brown became the owner in fee simple of an undivided interest of two-thirds in a house and lot in the City of Knoxville. The title to the other one-third interest was vested in Mrs. Brown for her life, with remainder in fee simple in the heirs of F. A. Brown (who are the complainants in this cause), with a charge of $500 on said remainder in favor of complainant Annie N. Hayder, as provided in the will of Anna R. Stearns, who had owned the said property.

In this state of the title, Mrs. Mattie A. Brown, on June 1, 1928, executed a deed of trust to her two-thirds interest in fee simple in the property, to secure the payment of her note for $2050 to the order of the City National Bank of Knoxville. The note matured on June 1, 1931. On or about November 13, 1930, this note became the property of the East Tennessee National Bank. Mrs. Brown died on December 23, 1930, having on deposit in the East Tennessee National Bank the sum of $1298.78 and owing said bank a note for $125 in addition to the note secured by the deed of trust. Will A. Brown qualified as executor of her will. The bank permitted him to draw checks against said deposit to the extent of $343.92, in order to pay some pressing debts due from said estate and to enable him to obtain discounts on certain of these debts.

A short time before the death of Mrs. Brown the house was seriously damaged by fire, so that it was rendered untenantable. The fire went through the whole house, damaging the wood, plaster, paint, paper and part of the roof, breaking out the windows and the front door. The building was thus left to depreciation from exposure to the weather unless it should be repaired. Mrs. Brown collected about $1700 on policies of insurance carried by her on the property. Just what was the source of the fund to her credit in the bank does not appear.

Mrs. Brown employed the Smith Construction Company to furnish labor and material to repair the house, and it completed the contract. The balance due to said company is $456.65, of which $164.27 is due to the Knoxville Lumber and Manufacturing Company for material furnished and used.

The bill in this cause was filed by the heirs of F. A. Brown, including Annie N. Hayder, against the devisees of Mrs. Mattie E. Brown, the East Tennessee National Bank and the trustee under the deed of trust, for a sale of the property for partition—praying also that the East Tennessee National Bank set up and establish any lien which it might have upon the two-thirds interest which Mrs. Mattie E. Brown had owned in fee simple.

The bank set up its note and deed of trust and claimed the right to apply as a credit on the note the balance of the deposit to the credit of the estate of Mrs. Brown. This appears to have been allowed by the court. The Smith Construction Company and the Knoxville Lumber and Manufacturing Company intervened by petitions, alleging the indebtedness owing and unpaid to them by reason of the contract which the Smith Construction Company had made with Mrs. Brown, and asserting that their claims constituted liens upon the property, including the one-third interest which complainants had owned in remainder.

Under an interlocutory decree the property was sold in its repaired condition, for the sum of $2750. Upon the final hearing the Chancellor ordered, among other things, that after payment of costs and a solicitors' fee, the balance be divided into two parts, one-third and two-thirds—the two-thirds manifestly representing the proceeds of sale of the interest which Mrs. Allen had owned in fee and which was encumbered by her deed of trust; and the one-third representing the interest in which she had only a life estate, with remainder in the heirs of F. A. Brown. The Chancellor then ordered that out of the two-thirds portion the debt of $1473.78 be paid to the bank; and that out of the balance of the whole fund the sum of $456.65 be paid to the intervenors, reciting, "it being now adjudged that the improvements made by the Smith Construction Company were necessary to properly preserve the property and that said claims of Smith Construction Company and Knoxville Lumber and Manufacturing Company are a lien upon and chargeable against the whole property." The Chancellor further ordered that out of the balance then remaining the legacy of $500 be paid to Annie N. Hayder.

The complainants insist in this court that it was error to apply any of the funds belonging to them to the payment of the lien debts of the intervenors; that these debts, being incurred by the life tenant, could not lawfully become a charge upon the estate in re-

mainder. For the appellees it is insisted that as the debts were necessarily created for the restoration and preservation of the property, without which it would have brought little at the sale; and as the life tenant of one-third was also a tenant in common of the other interests, it was proper to pay the debts out of the corpus of the estate. The remaindermen were not parties, directly or by any agent, to the contract for the repair of the house. Shannon's Code, section 3531, provided for a lien upon any lot of ground or tract of land upon which a house has been constructed, built or repaired "by special contract with the owner or his agent." In the absence of such special contract of employment and undertaking to do the work or to furnish the materials, no lien therefor can be fixed on the property. Stone Co. v. Board, 91 Tenn., 203, 18 S. W., 406; Lowenstein v. Reynolds, 92 Tenn., 545, 22 S. W., 210; Reed v. Estes, 113 Tenn., 202, 80 S. W., 1086.

Mechanics' lien laws are in derogation of the common law and must be strictly construed against those seeking to come within them. Richardson v. Lanius, 150 Tenn., 133, 263 S. W., 799. A court cannot extend the benefit of such statute to either persons or objects not embraced within its terms, and in determining its breadth and scope must be guided by both words and context. Pillow v. Kelly, 153 Tenn., 597, 296 S. W., 11.

It is the general rule that a life tenant may by contract for the improvement of the land, subject it to a mechanic's lien to the extent of his life interest, but he cannot create a lien upon the reversion or remainder. 40 C. J., 108; Williams v. Vanderbilt, 145 Ill., 238, 34 N. E., 476, 36 Am. S. R., 486, 21 L. R. A., 489. In Reed v. Estes, supra, it was held that a lessee cannot, without special authority to do so, create an indebtedness against the lessor or incumber his property for improvements. The decision was based on the provision of the statute confining the lien to cases where the contractor making the improvements has a special contract with the owner of the property upon which it is made, or his agent.

As a lessee cannot thus incumber the interest of the lessor, so a life tenant cannot create a lien upon the remainder without the consent of the remainderman.

In support of the decree appealed from, the decision in Broyles v. Waddell, 11 Heisk., 32, is invoked. In that case the bill was filed by three of the eleven heirs of Broyles for partition of a tract of land. Dower had been allotted to the widow, and she had married Waddell, who soon had purchased the interests of eight of the heirs. He and his wife resided on the dower tract, and for more than twenty years he took and exclusively enjoyed the rents and profits from the whole tract. He made many valuable improvements, greatly enhancing the value of the land. The court, administering relief ex

aequo et bono, allowed Broyles to offset the enhanced value of the land due to the improvements made by him, against the demands of his co-tenants for their shares of the rents and profits. The maxim, ''He who seeks equity must do equity,'' was applied. That case is authority for balancing improvements against rents and profits, especially where the co-tenants, with full knowledge of the facts, allowed more than twenty years to elapse without objection made; but it furnishes no authority for creating a lien on the remainder under such circumstances as are here disclosed.

The personal representative of Mrs. Brown is not here asking for a contribution from these remaindermen to the cost of the improvement. The contractor, which had no contractual relation with them, is in no position to ask · for an adjustment of such equities among the owners of the property. Its rights are not such as to entitle it to claim any payment out of the funds of the remaindermen.

When Mrs. Brown made the contract for repairs of the house her two-thirds interest, subject to the incumbrance, became subject to the contractor's lien. If any balance remains as proceeds of sale of that interest, after payment of the mortgage debt, a lien exists upon it for the debt due the contractor; but this is as far as the fund in court can be used for that purpose. The contractor's rights existed only under the law as applied to the title as it stood. The contractor had notice, either actual or constructive, of the state of the title, and ·it is bound thereby.

The decree of the chancery court will be modified by providing that none of the complainants' one-third share of the fund shall be subjected to the payment of the claims of the intervenors; otherwise affirmed. The costs of the appeal will be adjudged against the Smith Construction Company.

Faw, P. J., and Crownover, J., concur.