FIRST AMERICAN NATIONAL BANK,
Appellee,

v.

CHICKEN SYSTEM OF AMERICA, INC.,
and Performance Systems, Inc.,
Appellants.

Supreme Court of Tennessee.

May 6, 1974.

John L. Chambers, James L. Beckner, Nashville, for appellant, Performance Systems, Inc.

William J. Harbison, Trabue, Minick, Sturdivant & Harbison, Nashville, for appellee.

## OPINION

W. M. LEECH, Special Justice.

This is an action brought by the lessor of a tract of land, the First American National Bank, acting as Trustee, (hereinafter Trustee), against both Chicken System of America, Inc., (hereinafter Chicken System) as the original lessee, and Performance Systems, Inc., (hereinafter PSI) as assignee from the original lessee, for unpaid rent, taxes, insurance and other expenses incurred which were the defendants' obligations under the original lease. The Chancellor found that Chicken System was liable under the terms and provisions of the lease, and that PSI was liable as assignee thereof, the latter being primarily liable and the assignor liable as surety. Appeal was thereupon brought direct to this Court by PSI alone pursuant to T.C.A. § 16–408, as all the facts below were stipulated.

Chancellor Drowota's memorandum opinion set out what we consider the pertinent stipulated facts. These facts are as follow:

"Plaintiff, First American National Bank, is the owner, as Trustee, of certain real estate which is the subject of a lease agreement entered into on May 28, 1968, between First American as lessor and defendant, Chicken System as lessee. The lease agreement provided *inter alia* for a rent payment of One Thousand Forty-nine and 08/100 Dollars ($1,049.-08) per month, that lessee would procure certain insurance coverage for the demised premises and improvements made thereon, that real estate taxes would be paid by lessee, and that the premises could be subleased, but only with the written consent of the lessee.

Defendant lessee entered into and took possession of the demised premises under the lease. All rents and obligations under the lease were paid up to and including the month of October 1970. Thereafter, no rents or obligations have been paid by any party.

On April 30, 1969, defendant, Chicken System, and defendant, Performance Systems, Inc., (PSI) entered into an agreement whereby there was an assignment of the lease to PSI. PSI entered into possession of the premises on May 1, 1969, and paid all obligations and rent until November, 1970.

Plaintiff alleged at that time that the assignment of the lease by Chicken System to PSI was in violation of [the] lease provision which states:

'24. Subject to all other terms and provisions in this lease agreement, it is understood and agreed that lessee may sublease said property to another tenant who will sign and assume full responsibility for the remaining terms and all of the conditions of this lease, but same may be done only with the written consent of the lessor, which shall not be unreasonably withheld. If and when lessor's written approval is obtained, lessee will be released from all further liability and responsibility hereunder.'

Plaintiff repeatedly expressed its opinion that the agreement between Chicken System and PSI was in violation of this provision and that it would not consent to the agreement unless Messrs. Frank Woods, Dan Scott, and J. R. Hyde, III, guarantors of Chicken System's performance of the lease, would remain as sureties for PSI. The guarantors never agreed to this stipulation."

Although appellant assigns six errors, it is only necessary to discuss two questions in order to resolve this cause. First, whether paragraph 24 of the lease, *supra,* contemplates a restraint on assignments without the lessor's consent. If we find that said paragraph does so contemplate

such a restraint, we must then ascertain whether there was an assignemnt to PSI which became void due to the Trustee's failure to give written consent or stated another way, can PSI raise the Trustee's withholding of consent as a defense. This latter question is one of first impression in this jurisdiction.

▇▇ Turning to the first question, it is clear that the general distinction between an assignment of a lease and a sublease is that the former conveys the whole term, leaving no interest or reversionary interest in the assignor, while the latter grants the subtenant an interest in the leased premises less than the lessee's, or reserves to the lessee a reversionary interest in the term. *See, e. g.,* Reed v. Estes, 113 Tenn. 200, 80 S.W. 1086 (1904); Brummitt Tire Co. v. Sinclair Refining Co., 18 Tenn.App. 270, 75 S.W.2d 1022 (1934). *See generally,* C. Smith & R. Boyer, Survey of the Law of Property, 148 (2d ed. 1971). Nevertheless, to determine in the instant case whether an assignment was intended, we must construe paragraph 24. In so doing, we must apply the cardinal rule of construction in this jurisdiction that the intention of the parties as ascertained from the language of the instrument controls. *See, e. g.,* City of Nashville v. Lawrence, 153 Tenn. 606, 284 S.W. 882 (1925); Williams v. Williams, 84 Tenn. 164 (1885). Thus, we must look to lease in general and paragraph 24 in particular to resolve this issue.

▇▇ The pertinent part of paragraph 24 provides "it is understood and agreed that lessee may sublease said property to another tenant who will sign and assume full responsibility for the . . . lease." And though the parties used the word "sublease", it is evident from the remainder of the sentence and the lease as a whole that the parties also intended assignments to be included in the restraint. This conclusion necessarily follows because paragraph 24 expressly provides that the new tenant is to assume *full* responsibility for the lease provisions and the law is clear that a subtenant owes no responsibility to the original lessor because there is neither privity of contract nor privity of estate between the two. However, there is privity of estate between an original lessor and a subsequent assignee that makes the assignee fully responsible to the lessor for the lease provisions. *See, e. g.,* Dunn v. Archer, 150 Tenn. 440, 265 S.W. 678 (1924); State v. Martin, 82 Tenn. 92 (1884); Brummitt Tire Co. v. Sinclair Refining Co., *supra*; Commercial Club v. Epperson, 15 Tenn.App. 649 (1933). With the foregoing in mind, we hold that the original parties to the lease intended paragraph 24 to include assignments.

Since there is no question that Chicken System assigned its lease to PSI on April 30, 1969, and having ascertained that the parties intended paragraph 24 to include assignments; the sole remaining question is whether the breach of the agreement by Chicken System affected the validity of the assignment and whether PSI can raise such a breach as a defense. Since this is a question of first impression in this jurisdiction, we must look to other jurisdictions for guidance.

▇▇ The prevailing rule in the United States can be clearly ascertained from even a casual perusal of the authorities. Said rule is that an assignment made in violation of a restrictive clause is not void, but merely voidable by the lessor. Thus, an estate for years vests in the assignee until effective legal action is taken by the lessor to avoid the transfer. *See, e. g.,* People v. Klopstock, 24 Cal.2d 897, 151 P.2d 641 (1944); C. Moynihan, Introduction to the Law of Real Property, 75 (1962). With this rule we agree. We therefore hold that the Trustee's failure to give consent and failure to recognize the validity of the assignment had no effect on the validity of said assignment. It results therefore, that in cases such as the instant case, that the validity of an assignment is totally unblemished unless the lessor takes affirmative legal action to avoid the transfer. No such action was taken here.

▇▇ In addition to the foregoing rule, it has long been the settled rule in other ju-

risdictions that an assignee cannot assert the original lessee's breach against the lessor as a defense in a subsequent action brought to enforce those covenants of the lease which run with the land. *See, e. g.,* J. S. Potts Drug Co. v. Bendict, 156 Cal. 322, 104 P. 432 (1909); Webster et al. v. Nichols et al., 104 Ill. 160 (1882); Eldredge v. Bell, 64 Iowa 125, 19 N.W. 879 (1884); Poe v. Silver, 134 Kan. 803, 8 P.2d 945 (1932); Stark v. Nat. Research & Design Corp., 33 N.J.Super. 315, 110 A.2d 143 (1954); 49 Am.Jur.2d, Landlord and Tenant, § 469; 51c C.J.S. Landlord and Tenant § 33c. We too accept the foregoing rule and hold that PSI as an assignee, cannot assert a violation of paragraph 24 by the original lessee, Chicken System, as a defense against the Trustee-lessor.

Having so held, it is clear that the Chancellor's holding was well reasoned and correct in all respects. It results, therefore, that appellant's assignments of error are overruled and the Chancellor's decree is sustained.

DYER, C. J., and CHATTIN and Mc-CANLESS, JJ., concur.