# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### May 7, 2002 Session

## GALLATIN HOUSING AUTHORITY v. REBECCA & DIONISIO MONTESILLO

### Appeal from the Circuit Court for Sumner County
### No. 21674-C    C.L.Rogers, Judge

---

### No. M2001-02260-COA-R3-CV - Filed August 7, 2002

---

AND

## GALLATIN HOUSING AUTHORITY v. MARGARITA FLORES

### Appeal from the Circuit Court for Sumner County
### No. 21673-C    C.L.Rogers, Judge

---

### No. M2001-02262-COA-R3-CV - Filed August 7, 2002

---

This appeal arises from two detainer warrants issued on behalf of appellee Gallatin Housing Authority (hereinafter, "GHA"), in the General Sessions Court for Sumner County against the appellants, public housing tenants. The cases were consolidated when appellants appealed to the Circuit Court of Sumner County. The Circuit Court entered an order restoring possession of the properties to GHA, finding that the termination of the leases was based on the appellants' theft of cable services, a lease violation that was not eligible for certain grievance procedures that might otherwise be necessary for the termination of a public housing lease. After appealing the Circuit Court's decision, appellants obtained a stay which allowed them to remain in possession of the properties while their case was pending. Shortly thereafter, appellants entered into new leases with GHA. These new leases contained no terms reserving GHA's right to evict appellants in the event that their appeal failed. We find that the new leases extinguished GHA's right to evict the appellants for their breach of the prior lease. We therefore reverse the decision of the trial court and remand this cause with instructions to vacate its order restoring possession to GHA, and to dismiss GHA's cause against the appellants.

1

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

THOMAS W. BROTHERS, Sp. J., delivered the opinion of the court, in which BEN CANTRELL, P.J., M.S., and D. MICHAEL SWINEY, J., joined.

Zoe Laakso Doyle, Gallatin, Tennessee, for the Appellants Rebecca Montesillo and Margarita Flores.

Kurt O. E. Tschaepe, Gallatin, Tennessee, for the Appellee, Gallatin Housing Authority.

**OPINION**

**Facts and Procedural History**

Appellants are neighbors in a public housing facility administered by the Gallatin Housing Authority (hereinafter, "GHA"). Each appellant lived in their dwellings pursuant to leases they had entered into with GHA. Each lease provides that "[a]ny termination of this lease shall be carried out in accordance with U.S. Housing and Urban Development regulations, State and local law, and the terms of the lease."

One of the appellants legally obtained cable television service for her dwelling. For a brief time in October of 2000 she allowed the other appellant wrongly to obtain cable by connecting a wire between the units in which appellants live. Shortly thereafter, in December of 2000, GHA provided the appellants with notice that their respective leases would be terminated because, in violation of their respective lease agreements, they had "engage[d] in or permit[ted] unlawful activities in the unit . . . ," and "fail[ed] to use ELECTRICAL . . . equipment in a safe manner."

Appellants timely filed a request for a grievance hearing. GHA informed appellants that, as this would be an informal hearing, appellants could not be accompanied by counsel. Counsel for appellants communicated with GHA, arguing that administrative grievance procedures required by federal regulations indicated that counsel could attend such hearings. GHA informed appellants that continued insistence on the presence of counsel at an informal hearing would cause GHA not to hold the hearing, and would lead GHA to find that the hearing had been waived. In turn, if the appellants did not voluntarily vacate the properties, GHA would file suit to evict them.

On February 9, 2000, the General Sessions Court for Sumner County issued detainer warrants against the appellants in favor of GHA. The Circuit Court of Sumner County then heard appellants' appeal of this matter, and on August 28, 2001, entered an order restoring possession of the properties to GHA. The order also found that appellants' criminal activity was a violation of their respective leases, and that this criminal activity made this a lease termination that did not require that the grievance procedure occur prior to GHA's decision to terminate the lease. Appellants appealed to this Court on September 14, 2001, and entered an agreed order with GHA allowing appellants to remain in their dwellings pending the outcome of this appeal.

A statement of the facts in this case might be expected to stop at this point, but appellants have moved this Court to consider certain post-judgment facts. On May 1, 2002, this Court agreed

to do so. The relevant post-judgment facts are that, on November 15, 2001, two months after GHA obtained eviction orders from the Circuit Court, and one month after appellants filed their notice of appeal, GHA entered into *new* public housing leases, each covering a one year term, with both appellants.[1] Neither lease included any terms referencing the pending litigation, reserving GHA's rights to evict the appellants, or making the completion of the lease term contingent on appellants' success in this appeal.

## Law and Analysis

In consideration of the post-judgment facts, the primary issue in this case has become whether, by entering into new leases with appellants on November 15, 2001, GHA effectively waived its right to evict the appellants for their breach of the prior lease. Appellants raise two other issues. The first concerns the propriety of terminating public housing leases based on an alleged theft of cable, and the second concerns whether GHA properly refused to allow appellants' counsel to attend an informal grievance hearing. Because we find that the new leases entered into by GHA and the appellants are dispositive, these other issues are pretermitted.

Leases are contracts, and must be interpreted according to customary rules of construction. 49 Am. Jur. 2d *Landlord and Tenant* § 43 (2001). "The cardinal rule of construction of written instruments is that the intention of the parties as ascertained from the language of the instrument controls." *St. Paul Surplus Lines Ins. Co. v. Bishops Gate Ins. Co.*, 725 S.W.2d 948, 951 (Tenn. App. 1986)(citing *First Am. Nat'l Bank v. Chicken Sys. of Am., Inc.*, 510 S.W.2d 906, 908 (Tenn. 1974)). Where the lease is unambiguous, its language establishes the intent of the parties, and the interpreting court must construe the contract as written, according to its terms. *Petty v. Sloan*, 197 Tenn. 630, 637-39, 277 S.W.2d 355, 358-59 (1955). "Furthermore, this court cannot make a new contract for the parties, but can merely construe the lease as written." *St. Paul Surplus Lines Ins. Co.*, 725 S.W.2d at 951 (citing *Stone v. Martin*, 185 Tenn. 369, 374, 206 S.W.2d 388, 390 (1947)). Finally, if a landlord has knowledge of a tenant's breach of a lease, and her actions are inconsistent with an intention to declare the tenant in breach of the lease, those actions may amount to a waiver of the breach regardless of her subjective intentions. *Woods v. Forest Hill Cemetery, Inc.*, 183 Tenn. 413, 422, 192 S.W.2d 987, 990 (Tenn. 1946).

Against these fairly elementary rules of law, GHA has argued that, due to alterations in the federal regulatory scheme governing public housing, GHA was required to enter into new leases with

---

[1] At this point, it should be noted that the style of this case on appeal has been incorrect. Although both Rebecca and Dionisio Montesillo were parties to the original General sessions case, Dionisio did not appear, and was not represented by appellants' counsel. A Default judgment was entered against him, and he did not timely appeal. He alone was evicted from the dwelling at that point, and lived elsewhere for a time. Interestingly, when GHA entered into a new lease with Rebecca Montesillo on November 15, 2001, Dionisio Montesillo was also a signatory. Thus, it appears that GHA entered into a new lease with a party whom they had forcibly evicted several months earlier. Mr. Montesillo has apparently been allowed to return to the dwelling following a hearing before the Circuit Court of Sumner County. This is as it should be.

Although the case is not properly before this Court, appellee presented a transcript of the hearing in response to appellant's motion to consider post-judgment facts. The Circuit Court, in that hearing, voiced an opinion that the new leases entered by the parties did not work a waiver of GHA's right to evict. Our decision today indicates that, as is customary in Tennessee, a lease is a contract which, if unambiguous, should be interpreted according to the language contained within the four corners of the document.

every public housing tenant within its purview. However, it is undisputed that when the parties entered these new leases, GHA did not include any lease provisions that may be read as reserving GHA's right to evict the appellants for their breach of the prior lease. Further, there appears to be no regulation that would prevent GHA from including such a lease term in its leases. Thus, the new leases must be interpreted as exactly that–new leases–rather than as extensions of the leases signed the prior year.

The record shows that GHA had knowledge of the appellants' breach of the prior lease. Despite this knowledge, GHA entered into new leases with the appellants. These new leases did not include any terms reserving GHA's right to evict the appellants for their breach of the prior lease. Regardless of whether GHA consciously intended to waive its right to pursue the eviction of the appellants, that right was extinguished as soon as the new lease was entered. Therefore, this court finds that the order in this case must be vacated, and the cause against the appellants dismissed as moot. This cause is therefore remanded to the Circuit Court of Sumner County for further proceedings consistent with this opinion. The costs on appeal are assessed against the Appellee, Gallatin Housing Authority.

_____
THOMAS W. BROTHERS, SPECIAL JUDGE

4