[Civ. No. 2357. First Appellate District.—June 27, 1918.]

HARRY HERMAN, Respondent, v. JOHN C. ROHAN et al., Appellants.

LANDLORD AND TENANT—RENTAL OF MARKET STALL—RIGHT OF RENTER TO SELL INTEREST—CONSTRUCTION OF AGREEMENT.—An agreement between the owners of a market and the renter of a stall therein giving the latter the right to sell his interest in the stall upon condition that the purchaser pay a monthly rental does not make the right of sale dependent upon the suitability of the purchaser, except as to payment of rent, if that be classed as suitability.

Id.—STATUTE OF FRAUDS — RIGHT TO SELL INTEREST IN STALL.—An agreement between the owners of a market and the renter of a stall therein giving the latter the right to sell his interest in the stall is not one which, by its terms, was not to be performed within a year from the making thereof under subdivision 1 of section 1973 of the Code of Civil Procedure.

Id.—SALE OF INTEREST IN STALL—RIGHT OF RENTER.—The owners of a market in renting a stall, even considering the matter a ·personal privilege or license, have the right to agree that the renter may sell such privilege.

Id.—TERM OF HIRING—RIGHT TO SELL INTEREST.—Where in the renting of a market stall no term is agreed upon and a monthly rent is paid, it is presumed, under section 1943 of the Civil Code, that the hiring is for a year, and where possession is continued beyond the year and rent accepted, the hiring is presumed to be resumed from month to month upon the same terms, and the interest of the hirer is more than a privilege, he having the right to sell and assign his interest in the stall.

Id.—SUITABILITY OF PURCHASER—IMPLIED CONDITION—EFFECT OF RIGHT TO SELL INDEPENDENT OF AGREEMENT.—Where the renter of a market stall, aside from the agreement of hiring, has the right to sell and assign his interest, any implied condition that in case of sale the purchaser should be a suitable person is wiped out, and the renter may sell to whomsoever he chooses, so long as the purchaser pays the rent.

APPEAL from a judgment of the Superior Court of Alameda County. W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

Wm. R. Geary, for Appellants.

M. J. Rutherford, for Respondent.

BEASLY, J., *pro tem.*—Stripped of immaterialities the facts of the case are as follows: The plaintiff Herman took a stall in an Oakland market from the defendants. He purchased the right to occupy the stall in another market than the one in question here from the defendants, who were the owners of that market, and from another person who occupied the stall so purchased, and paid the defendants and his predecessor a substantial sum of money therefor. Presently the defendants built a new market, and Herman was transferred to a stall therein, and from time to time purchased additional

frontage, thus enlarging his stall, paying in each instance an additional sum to the defendants as a sort of bonus therefor, and paying in addition $1.75 per front foot per month for each foot of space embraced within the stall. At one of the times when the plaintiff purchased extra frontage from the defendants, paying two hundred dollars therefor, they agreed, in consideration of this purchase, that the plaintiff might sell all his right, title, and interest in the stall for any price he might obtain to any purchaser he might secure, upon the condition only that the purchaser should pay the $1.75 per front foot monthly rental charged for the use of the property. Plaintiff thereafter secured a purchaser who was ready, willing, and able to buy his right to the stall for the sum of five hundred dollars, which he agreed to pay therefor, this sum being payment for whatever right and interest the plaintiff had in the market and for the fixtures in his stall. The defendants refused to permit this sale to be made, and refused to permit a transfer of the possession of the stall to the purchaser. Plaintiff thereupon began this action for breach of the defendants' contract with him, and obtained a judgment in the court below for $475 as damages therefor.

On this appeal the defendants contend, first, that they did nothing more than agree that plaintiff could sell to a suitable person only. The answer to this is that the finding of the court, based upon sufficient evidence, is exactly as above set forth, and that there was no condition whatever in their agreement as to the suitability of the person to whom the plaintiff might sell, except that such person should pay the monthly rental, if that be classed as suitability.

The second contention of appellants is that "no action of defendants could prevent plaintiff from selling that which he owned and had acquired by a proper conveyance." But in this case the defendants could and did prevent Herman from selling by refusing to permit the person to whom he sold to take possession of the subject matter of the sale, namely, the right to occupy the stall and the fixtures therein contained.

Defendants' third contention is that, "Even if the defendants had agreed to permit Herman to sell, it was an oral agreement and had to be performed within one year." But the answer to this is that the agreement was not one which, by its terms, was not to be performed within a year from the making thereof. (Code Civ. Proc., sec. 1973, subd. 1.)

The defendants' fourth contention is that "Plaintiff claims no interest in the realty, and if so, has failed to prove his title thereto by proper deed duly acknowledged." This claim must be considered in connection with another which is argued more definitely, to the effect that the plaintiff's rights were in the nature of a personal privilege to occupy the market, and were therefore not assignable. In answer to this it may be said that even considering the matter a personal privilege or license, there is nothing whatever in the law to prevent the defendants from making an agreement, if they saw fit, to the effect that this personal privilege might be assigned. The property was theirs; they were letting whatever privilege Herman had and whatever rights he possessed in the stall to him; and they could legally—and the court found that they did—agree that he might sell those rights as above set forth.

The interest which Herman had in the stall, however, was something more than a privilege. He paid a monthly rental therefor; no term of his hiring was fixed, and no usage on the subject of the length of the term is shown. It is therefore presumed that his hiring was for one year from its commencement (Civ. Code, sec. 1943), and when he remained in possession beyond the year and his landlords accepted rent from him, the parties were presumed to have renewed the hiring upon the same terms from month to month. (Civ. Code, sec. 1945.) Aside, therefore, from the agreement, Herman had the right to sell and assign his lease; and if, because of the nature of the property as a market, there was an implied condition that in case of sale the purchaser should be a suitable person, that condition was wiped out by the point blank agreement found by the court to the effect that he might sell to whomsoever he chose so long as the purchaser would pay the rent.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.