ISIDOR ISRAEL *vs.* ARTHUR M. BEALE, administrator with the will annexed.

Suffolk. November 15, 1929. — January 15, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant*, Construction of lease, Termination of tenancy.

A provision of a lease in writing to two women of a suite of rooms in a building was that the suite was "to be used and occupied solely and exclusively by the . . . [lessees] . . . and by no other person or persons." The term of the lease was for one year from September 1, 1925, and from year to year thereafter until one of the parties, on or before July 1 of any year, should give notice of intention to terminate the lease on the following August 31. The lessees covenanted that they and their executors and administrators would pay rent. Both lessees died, the survivor dying on July 11, 1928. No notice to terminate having been given by any of the parties, the lessor brought an action

against the administrator of the estate of the survivor of the lessees for rent from August 1, 1928, to July 31, 1929, during which period the premises remained vacant. A demurrer to the declaration was sustained. *Held*, that

(1) The restriction as to occupancy did not prevent the interest of the surviving lessee from passing to the administrator of her estate nor relieve him from the obligation of paying the rent accruing after her death;

(2) The clause in the lease restricting the use of the premises to the lessees did not mean that the lease should be operative only during the lifetime of the lessees;

(3) An order should have been entered overruling the demurrer.

CONTRACT upon a lease in writing; the writ originally being against William V. Tripp, Jr., administrator *de bonis non* with the will annexed of the estate of Harriet E. Hutchinson, and Arthur M. Beale, administrator with the will annexed of the estate of Sarah M. Aldrich. Writ in the Municipal Court of the City of Boston dated July 1, 1929.

On removal to the Superior Court, the defendants demurred. The demurrer was sustained after hearing by *Qua*, J., and, the same day, the plaintiff, by leave of court, discontinued the action as against the defendant Tripp, administrator. The plaintiff appealed.

*A. Moskow*, (*J. I. Moskow* with him,) for the plaintiff.

*E. C. Park*, for the defendant.

CARROLL, J. The plaintiff, by an instrument in writing, leased to Sarah Aldrich and Harriet E. Hutchinson, parties of the second part, a suite of rooms in a building, in Boston, "to be used and occupied solely and exclusively by the parties of the second part and by no other person or persons" for the term of one year from September 1, 1925; the lease to "continue in full force and effect thereafter from year to year, until one of the parties shall on or before the first day of July in any year, give to the other party written notice of their intention to terminate this lease, on the thirty first day of the following month, in which case the lease hereby created shall terminate in accordance with such notice." The lessees covenanted that they and their executors and administrators would pay the rent which was payable each month in advance beginning September 1, 1925.

The lessees entered into possession and jointly occupied

the premises until January 26, 1928, when Harriet E. Hutchinson died; thereafter the suite was occupied by Sarah M. Aldrich until her death on July 11, 1928. No notice to terminate the lease as therein provided was given by any of the parties. The plaintiff seeks to recover rent from August 1, 1928, to July 31, 1929, during which period the premises remained vacant. The action is against the administrator with the will annexed of Sarah M. Aldrich. In the Superior Court the defendant's demurrer was sustained; the plaintiff appealed.

The defendant contends that because of the provision in the lease that the suite was to be used and occupied solely by the lessees, the covenant to pay the rent extended only during the lives of the lessees. We do not agree with this contention. The restriction as to occupancy did not prevent the interest of the surviving lessee from passing to her executor or administrator nor relieve him from the obligation of paying the rent accruing after the death of Miss Aldrich. In *Johnson* v. *Stone*, 215 Mass. 219, it was held that the restrictive covenant not to lease or underlet or permit any other person to occupy the premises, while binding on the lessee did not prevent the leasehold interest from passing to the administrator of the lessee's estate. In that case the lessors recovered the rent.

The clause in the lease restricting the use of the premises to the lessees does not mean that the lease should be operative only during the lifetime of the lessees. The covenant to pay rent was binding on their executors and administrators; and this covenant was not limited to rent accruing in the lifetime of the lessees, for the rent was payable in advance on the first of each month and the lessor had power on default to enter and terminate the tenancy.

It has been held that where premises were leased exclusively for the sale of intoxicating liquor, and the tenant failed to secure a license for the sale of such liquor or the term of the lease continued after the enactment of the Eighteenth Amendment to the Federal Constitution and the passage of the Act of Congress to enforce its provisions, the lessee was not relieved of his obligation to pay rent.

*Gaston* v. *Gordon*, 208 Mass. 265. *Imbeschied* v. *Lerner*, 241 Mass. 199. It is familiar law that a lessee is not excused, in the absence of a stipulation to the contrary, from his covenant to pay rent where the premises are destroyed by fire. *Fowler* v. *Bott*, 6 Mass. 63. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402, 407.

The defendant relies on *Brigham* v. *Kidder*, 99 N. J. L. 79. There the defendant's testator leased from the plaintiffs two rooms in a suite of law offices, to be used and occupied by him as law offices and for no other purpose, the lessee to have in common with other tenants the use of an outer office, and to be furnished with a competent stenographer and law clerks. The law clerks and stenographer were to be furnished by the lessor for the assistance of the other tenants as well as for the testator. The testator died before the term expired. It was held that the renting and contract for services were merely incidental to the testator's profession and entirely personal. On this ground that case is to be distinguished from the case at bar. See *Harrison* v. *Conlan*, 10 Allen, 85; *Brown* v. *Cushman*, 173 Mass. 368; *Stearns* v. *Blevins*, 262 Mass. 577. Furthermore, in *Brigham* v. *Kidder*, the representatives of the lessee were not bound under the lease to pay rent; and the court said (page 80): "If he had intended to bind his estate he would undoubtedly have included his executors and administrators."

In the case at bar there was no implied condition that the lease was to end on the death of the parties. See *Greenleaf* v. *Allen*, 127 Mass. 248. No notice to terminate the lease having been given, it was in force on the death of Miss Aldrich. *Dix* v. *Atkins*, 130 Mass. 171. *Carlisle* v. *Weiscopf*, 237 Mass. 183. The order sustaining the demurrer is reversed and an order is to be entered overruling the demurrer.

*So ordered.*