No. 35,226

Geneva B. Olson and Chester S. Swinehart, *Appellants*, v. R. S. Frazer, Jr., et al., *Defendants;* Mrs. H. Levinson, *Appellee.*

(118 P. 2d 505)

Opinion filed November 8, 1941.

*Carl Van Riper,* of Dodge City, for the appellants.

*J. B. McKay,* of El Dorado, *Albert Watkins* and *Horace H. Watkins,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This was an action to recover three months' rent on a business building in Dodge City.

The pertinent facts as gleaned from the pleadings were these: On May 1, 1935, the late Margaret B. Martin of Ford county made a written lease of her two-story business building in Dodge City to one H. Levinson who was at that time the occupying tenant of the property. The lease was for a term of five years, and the stipulated rent was $200 per month. Among the written terms of the lease was one providing that the lessee should not assign the lease without the written consent of the lessor.

Sometime thereafter, date not shown, Margaret B. Martin died testate. By the terms of her will these plaintiffs became the owners of the leased property. Sometime in 1936 H. Levinson, the lessee, died, and he was succeeded in interest by his widow as sole heir.

She took over the lease and continued the business of her deceased husband and paid the rent of $200 per month until about February 1, 1938, at which time she sold out to R. S. Frazer, Jr. While negotiations for the sale of the business were under way, she requested plaintiffs to consent to her transferring the possession of the leased premises to Frazer, Jr. This the plaintiffs agreed to do upon condition "that your obligation . . . will be . . . continued in force until my investigation of the assignee, or sublessee, satisfies me that I will be warranted in releasing you and making a new lease to him."

Plaintiffs alleged that their investigation of Frazer, Jr., did not satisfy them that they would be warranted in releasing Mrs. Levinson and that they did not release her. However, defendant consummated a deal with Frazer, Jr.; he took over the business and occupied the leased premises and paid the rent for several months, but eventually defaulted in the rental payments for the months of May, June and July, 1939, totaling $600.

Plaintiffs sued Mrs. Levinson for this amount, and the trial court sustained defendants' demurrer to their petition on the ground that it did not state facts sufficient to constitute a cause of action.

Hence this appeal.

To sustain the ruling of the trial court the defendant cites those familiar provisions of the statute of frauds which provide that no lease of real property exceeding one year's duration shall have any validity unless in writing (G. S. 1935, 33-105), and that no action will lie on the special promise of one person to answer for the debt or default of another, nor upon any agreement which is not to be performed within one year, unless such promise or agreement is in writing and signed by the party to be bound. (G. S. 1935, 33-106.)

It is quite true, of course, that Mrs. Levinson signed no papers which would bind her under either of these statutory provisions. But her obligation to pay the rent on plaintiffs' building is not based on any promise of hers, either oral or in writing, although the petition alleged that she did orally agree to assume the obligations of the lease. When she, as sole heir of her husband, assumed the rights of her deceased husband in the leased premises, and exercised the privileges of ownership thereof, she was bound to assume the burdens of the leasehold along with its benefits, and she could not claim or exercise those rights without being liable for the corresponding obligations.

In *Brown's Exor. v. United States Trust Co.*, 185 Ky. 747, 215 S. W. 815, 8 A. L. R. 1142, the action, among other matters, involved a question touching the effect of the death of the tenant on a ten years' lease of business premises which had seven years to run when the tenant died. It was held that the lease was not terminated by the death of the lessee. In the opinion it was said:

"It is also generally agreed that the obligations of a lessee under the contract passes on his death to his personal representative who assumes in his fiduciary capacity the performance of the contract in the same manner that its performances could have been demanded of the lessee. (Citations)." (p. 751.)

In a note to *Israel v. Beale*, 270 Mass. 61, 169 N. E. 777, in 68 A. L. R. 590, it is said:

"As a general rule a lease for a term of years is not terminated by the death of the lessee before the expiration of the term. And usually, in such a case, the leasehold as personal estate passes to the personal representative of the lessee, and the lessee's estate remains liable on the covenants in the lease for the payment of rent as. on the other contracts of the decedent for the payment of money."

This is the prevailing rule of the textbooks. In 1 Underhill on Landlord and Tenant, it is said:

"The interest of lessees in leases for years being at the common law mere chattel interests, though the terms which are created by the leases may be for a thousand years, on the death of the lessee passes to and becomes vested in the executor or administrator of the lessee. For terms for years, unlike leases at will, not ordinarily terminated by the death of the lessee during the term but servive and pass to his personal representative. . . ." (Sec. 37.)

"The personal representative of a lessee for years on the death of the lessee becomes an assignee of the term. . . ." (Sec. 39.)

"So, also, on the death of the tenant of an estate from year to year the estate still continues and the personal representative may enter and he becomes responsible as such and not personally for the rent to the extent that he has assets of the tenant. And the fact that on the death of the tenant his widow enters and pays rent to the landlord does not terminate the tenancy from year to year. The estate of the deceased tenant for years is responsible for rent which has accrued and if the executor enters for that which will accrue. The tenancy from year to year survives the lessor and vests in his heirs. . . ." (Sec. 95.)

"Where the covenant is not expressly made obligatory on the personal representatives of the parties to a lease it will be presumed that they are bound. . . ." (Sec. 388.)

See, also, 1 Tiffany on Landloard and Tenant, pp. 100, 139, 140; 32 Am. Jur., sec. 65.

The many cases cited in support of the texts just quoted speak of the rights and liabilities of the personal representatives of the deceased parties to a lease; but until the enactment of the probate code of 1939 it was lawful in this state and not unusual for the heirs of a deceased person, especially where there were no debts or outside parties to be affected, to assume the privileges of their inheritance forthwith and to dispense with formal administration altogether. (*Hirt v. Bucklin State Bank,* 153 Kan. 194, 198-199, 109 P. 2d 171.) In such cases the heirs are the personal representatives of the deceased in legal effect. So far as shown by the record this was the course pursued by defendant.

In our own reports we have no cases precisely analogous to the one at bar, and we may indulge the presumption that hitherto the obligation of a lessee's heir to pay the rent, where he assumes ownership and possession of the leasehold, has not been questioned. In *Gordon v. Wilcox,* 109 Kan. 524, 200 Pac. 282, the action was by the lessors of a gas and oil lease to recover the rent. Defendant was the assignee of the lessee. Judgment for plaintiffs was affirmed by this court, and in the course of the opinion Mr. Justice Mason took cognizance of the general rule of law that an assignee of an ordinary lease of real estate is liable for the rent.

We do not regard the provisions of the statute of frauds invoked by the appellee as having any bearing on the case at bar. Defendant is not bound by any gratuitous promise of hers to answer for the debt of another. But according to the allegations of the petition, admitted to be true by her demurrer, defendant did orally agree to assume the obligations of the lease. If so, it must be held that such oral agreement was made for her own advantage and for a good consideration, and such an agreement is not within the ban of the statute. (*Johnson v. Huffaker,* 99 Kan. 466, 162 Pac. 1150, and citations; *Allen v. Turner,* 152 Kan. 590, 106 P. 2d 715, and citations.)

The judgment is reversed and the cause remanded with instructions to enter judgment for plaintiffs.