Opinion
NEWMAN, J.
This cause having been submitted for decision, and fully considered, judgment is ordered as follows:
The judgment is reversed. Appellant to recover costs on appeal.
 Appellant contends the trial court erred in finding that respondent had provided appellant adequate notice to quit.[1] He argues that respondent was required to set forth the “good cause” for termination in the notice to quit. We agree.
Civil Code section 1946 provides that a tenancy may be terminated by the landlord if the landlord serves on the tenant a 30-day notice to quit. The notice need not specify the reasons for the termination except for the nonpayment of rent or the expiration of the lease term. Neither of these excep *Supp. 3 tions applies here. However, an exception to the general rule stated in section 1946 applies when the landlord receives funding from a governmental agency. (See Gallman v. Pierce (1986) 639 F.Supp. 472, 483.) This court in “Appel v. Beyer [(1974) 39 Cal.App.3d Supp. 7 [114 Cal.Rptr. 336]] held that because tenants in a government sponsored subsidized housing project had a ‘status of entitlement,’ a species of property protected by constitutional guarantees of due process of law, those tenants must be given special notices of termination setting forth facts claimed to constitute good cause for eviction.” (Highland Plastics, Inc. v. Enders (1980) 109 Cal.App.3d Supp. 1, 13 [167 Cal.Rptr. 353]; see also People ex rel. Dept. of Transportation v. Lucero (1980) 114 Cal.App.3d 166 [170 Cal.Rptr. 554].)
Because the plaintiff accepted rental payments from both the housing authority and defendant, his purported lease termination in October 1985 is deemed waived. Thus, this case involves governmental sponsorship of a housing program in the form of subsidies provided to the landlord pursuant to the section 8 housing program; the landlord was therefore required to serve the tenants with a 30-day notice to quit which includes a statement of the reasons constituting good cause. (Gallman v. Pierce, supra, 639 F.Supp. at p. 485.) The landlord in the instant case failed to set forth the reasons for the termination in the 30-day notice to quit. This failure requires that the judgment be reversed.
In light of the foregoing, we find it unnecessary to address appellant’s other contentions.
Margolis, P. J., and Woods, J., concurred.

 Respondent has filed no brief on the appeal. Although in our discretion we might automatically order reversal, treating appellant’s point as well taken (Berry v. Ryan (1950) 97 Cal.App.2d 492, 493 [217 P.2d 1015]), we follow the better practice of examining the record on the basis of appellant’s brief and reversing only if prejudicial error is found. ( Votaw Precision Tool Co. v. Air Canada (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335]; In re Marriage of Schultz (1980) 105 Cal.App.3d 846, 853 [164 Cal.Rptr. 653].) Nevertheless, we note the lack of assistance from respondent in doing so.