Opinion
ROBERSON, J.
George Lerner, owner of an apartment complex in Santa Monica, and his management company (collectively referred to hereafter as appellants), appeal from a judgment in unlawful detainer in favor of Marguerite Bullock (hereafter referred to as respondent), the mother of one of appellant’s tenants. Appellants contend respondent did not inherit her daughter’s periodic tenancy and that because respondent was not a tenant, she was not entitled to the protection of the good cause termination provisions of the Santa Monica Rent Control Charter Amendment (hereafter SMRCCA).
I
In 1983, Marianne Jones executed a written rental agreement for an apartment in Santa Monica. The tenancy was month to month and began on January 15. The agreement did not contain a specific termination date, instead providing that the tenancy was to continue from month to month, *Supp. 16 and could be terminated by either party upon 30 days’ advance notice. Marianne resided in the apartment until her death on September 21, 1984.
Respondent is Marianne’s mother. After Marianne’s death, respondent assumed the rental payments. She sent appellants a money order each month, purchased in Marianne’s name as the payor. Respondent did not live in the apartment; however, she visited it three or four times each week to tend to her daughter’s plants and to “be close to her daughter.” At no time did respondent inform appellants of Marianne’s death.
Nearly four years passed.
In July 1988, respondent had her other daughter duplicate Marianne’s signature on a form entitled “Tenant Offset Statement,” which appellants had requested Marianne to complete. Sometime during the month appellant Lerner discovered Marianne had long since passed away. He confronted respondent, who denied Marianne was dead.
On July 29, appellants served respondent with a 30-day written notice to vacate and return the premises. They accepted no rent after learning of Marianne’s death. When respondent did not vacate, appellants filed an unlawful detainer action against her individually and as representative of Marianne’s estate. Respondent answered, contending that she “acquired [Marianne’s] tenancy rights by operation of law at the time of [Marianne’s] death.” She further asserted that appellants had been informed of Marianne’s death the month she had died and that appellants had waived any action against her by continuing to accept rent from her each month after the notice of death.
The trial court found that appellants had not received notice of Marianne’s death before July 1988, that the rental agreement and tenancy survived Marianne’s death, that respondent was a tenant, that as a tenant she was entitled to remain in possession absent one of the grounds for eviction specified in the SMRCCA, and that since the notice to vacate did not so specify, appellants could not evict respondent.
Appellants filed a timely notice of appeal.
II
The crucial question raised by this appeal is whether notice of the death of a tenant terminates a month-to-month tenancy.
*Supp. 17 The agreement in the instant case is clearly for a month-to-month tenancy. The written agreement is entitled “Month to Month Tenancy.” It provides: “The term shall commence on January 15, 1983, and shall continue from month to month. This rental agreement may be terminated at any time by either party by giving written notice 30 days in advance. Tenant agrees to pay [rent] per month payable in advance on the first day of each month. ...” This is a periodic tenancy, for an indefinite term. (See Palmer v. Zeis (1944) 65 Cal.App.2d Supp. 859, 861 [151 P.2d 323]; 4 Witkin, Summary of Cal. Law (9th ed. 1987) Real Property, § 514, p. 689.)
Civil Code section 1934 provides:[1] “If the hiring of a thing is terminable at the pleasure of one of the parties, it is terminated by notice to the other of his death or incapacity to contract. In other cases it is not terminated thereby.” (Italics added.)
A “hiring” includes a lease of real property.[2] (See also § 1940 et seq.) Consistent with section 1934, courts have held that death terminates a tenancy at will or a tenancy at sufferance. (Dugand v. Magnus (1930) 107 Cal.App. 243, 249 [290 P. 309] [at will]; see Joy v. McKay (1886) 70 Cal.445, 446 [11 P. 763] [at sufferance (dicta)].) On the other hand, a fixed-term tenancy, such as a lease for years, is not ordinarily terminated by the tenant’s death. (Joost v. Castel (1939) 33 Cal.App.2d 138, 141 [91 P.2d 172].)
Although several other jurisdictions have considered whether death of a tenant terminates a month-to-month tenancy,[3] it appears to be a question of first impression in California. Section 1934 is the only statute regarding the effect of death on a tenancy. It simply provides that the tenancy be terminable “at the pleasure” of one of the parties. We next consider the characteristics of a month-to-month tenancy.
*Supp. 18 A month-to-month tenancy is similar to both a tenancy at will and a fixed-term tenancy. On the one hand, it has no fixed term and is terminable at the will of either party. (Janofsky v. Garland (1941) 42 Cal.App.2d 655, 659 [109 P.2d 750].] On the other hand, it may be assigned and the tenant may sublet. (Herman v. Rohan (1918) 37 Cal.App. 678, 681 [174 P. 349].]
A month-to-month tenancy also has a characteristic unlike either an at-will tenancy or a fixed-term tenancy at common law: because it is of a continuing nature, notice is required to terminate it. (Renner v. Huntington etc. Oil & Gas Co. (1952) 39 Cal.2d 93, 102 [244 P.2d 895]; see § 1946; Sullivan v. Cary (1860) 17 Cal. 80, 85.) Specifically, a month-to-month tenant must give at least 30 days’ advance notice or, if agreed upon, no less than 7 days’ advance notice. (§ 1946.) We observe, however, that California has altered the common law by statute. It is now the law that even a tenancy at will requires notice before termination, although it appears from the wording of the statute that notice is required only when the landlord seeks to terminate the tenancy at will. (§ 789.) The statute is silent as to any notice requirement when the tenant wishes to terminate the relationship.
The death of a tenant who holds from month to month prevents the tenant from exercising her right to continue in possession. If she has assigned her rights under the tenancy before her death, her assignee only obtains the right which the assignor herself had: the right to possess and use the premises for one month. After her death, the assignor is not able to exercise her renewal for a successive monthly period or periods. Consequently, the assignee does not receive such right to possess for successive periods.
It thus appears that a month-to-month tenancy must be terminable at the pleasure of the parties; if it is not, it would never terminate, being continuous in nature. However, since a month-to-month tenant has “bought and paid for” at least one month of possession and use at the time she passes away, and the landlord would be able to recover any unpaid rent for that month from the tenant’s estate, it is only fair that the tenancy for the month in which the tenant dies should not be cut short by the tenant’s death.
We therefore hold that under section 1934, a month-to-month tenancy is terminated by notice of the tenant’s death; further, the tenancy is terminated as of the 30th day following the tenant’s last payment of rent before the tenant’s death. No further notice, for example under section 1946, is required.[4] This preserves the tenant’s or her assignee’s right to *Supp. 19 possess the premises for the remainder of the month, the period for which the tenant has paid rent, and prevents the inequitable result of requiring the landlord to participate in a potentially indefinite lease with a tenant he never contracted with in the first place. This result is even more compelling in situations where, as here, rent control laws prevent landlords from evicting tenants except under limited circumstances.
We turn to the facts of the instant case. Marianne died on September 21, 1984. Since her possession continued from the 15th of each month to the 15th of the following month, her tenancy terminated on October 15, 1984. Respondent’s entry and possession was not that of an assignee; indeed, she does not even claim she was an assignee. Instead, respondent became a trespasser and would be liable for the reasonable value of the tenant’s use and occupation of the premises. (See Samuels v. Singer (1934) 1 Cal.App.2d 545, 554 [36 P.2d 1098].)
Respondent urges, however, that the SMRCCA required appellants to serve her with a notice of termination of tenancy which specified the just cause for the termination and that appellants’ “failure” to give such notice was fatal to the unlawful detainer proceeding.[5] We disagree. First, Marianne’s tenancy terminated 30 days after the date she last paid rent. Assuming, arguendo, that appellants were required under the SMRCCA to give notice of termination specifying good cause for terminating the tenancy, the notice given to respondent constituted substantial compliance with the notice requirement. It indicates Marianne had died and that her death was unknown until a given date, due to the “cover up” by respondent. We conclude the death of the lessee, who was the only tenant accepted by appellants, constituted good cause for the termination of the tenancy.
Even if notice were required under the SMRCCA, and we conclude it was not, respondent is not a person who would be entitled to such notice. SMRCCA section 1801(i)] defines “tenant” (as used in the SMRCCA) as: “[a] tenant, subtenant, lessee, sublessee or any other person entitled under the terms of a rental housing agreement to the use or occupancy of any rental unit.”
 Clearly, respondent was neither a tenant, subtenant, lessee, or a sublessee under the rental agreement; nor was she entitled to the *Supp. 20 use or occupancy of the apartment under the agreement.[6] Although she continued to pay rent after her daughter’s death, she did so under the subterfuge that her deceased daughter was the one making the payments.
The judgment is reversed and remanded to the trial court with instructions to enter judgment in favor of appellants and for such other orders as are appropriate thereunder.[7]
Appellants to recover costs on appeal.
Margolis, P. J., and Hinz, J., concurred.

 All future statutory references are to the Civil Code unless otherwise noted.

 Section 1925 provides: “Hiring is a contract by which one gives to another the temporary possession and use of property, other than money, for reward, and the latter agrees to return the same to the former at a future time.”

See Read v. Estate of Mincks (Iowa 1970) 176 N.W.2d 192 [death of tenant does not terminate tenancy]; Olson v. Frazer (1941) 154 Kan. 310 [118 P.2d 505] [same]; Israel v. Beale (1930) 270 Mass. 61 [169 N.E. 777, 68 A.L.R. 588] [same]; State v. Pierce (1980) 175 N.J.Super. 149 [417 A.2d 1085] [same]; Re Estate of Logan (Ohio Prob. 1955) 71 Ohio L. Abs. 391 [131 N.E.2d 454] [same]; Kennedy v. Kidd (Okla. Ct. App. 1976) 557 P.2d 467 [dicta acknowledging same]; Fortunato v. Shenango Limestone Co. (1924) 278 Pa. 499 [123 A. 482] [death does not terminate tenancy before end of the month]; Drake v. O’Brien (1919) 83 W.Va. 678 [99 S.E. 280] [death does not terminate tenancy]. None of these jurisdictions has a statute similar to section 1934.
For a general discussion of the effect on a lease of a tenant’s death, see Annotation (1985) 42 A.L.R.4th 963.

 Had Marianne’s tenancy not terminated by death, appellants would be required to terminate pursuant to section 1946, by giving a 30-day notice of termination. (Dorn v. Oppenheim *Supp. 19 (1919) 45 Cal.App. 312, 313 [187 P. 462]; Owen v. Herzihoff (1906) 2 Cal.App. 622 [84 P. 274]; see also Mitchell v. Poole (1988) 203 Cal.App.3d Supp. 1, 2 [249 Cal.Rptr. 842].)

 The SMRCCA section 1806 permits a landlord to evict a tenant from a rental unit only for good cause and requires that the reason for eviction be specified in the notice of termination of tenancy. Regulation 9001 requires that the notice contain a “specific statement of the reasons for the termination with specific facts to permit a determination of the date, place, witnesses and circumstances concerning the reason for the eviction.”

 Entry without the permission of the owner is a trespass. (Norton v. Overholtzer (1923) 63 Cal.App. 388 [218 P. 637].)
We are aware of the recent case of Parkmerced Co. v. San Francisco Rent Stabilization & Arbitration Bd. (1989) 215 Cal.App.3d 490 [263 Cal.Rptr. 617], The court held that a sister who lives with her brother is entitled to the protection of the local rent control ordinance even after the brother moves out.
Parkmerced is distinguishable. First, the sister was a cotenant; the mother in our case was not. Second, the sister was listed as an occupant on four separate yearly applications for lease; the mother in our case was virtually unknown to the landlord, and certainly was not a lawful occupant. Moreover, the sister paid rent openly to the landlord for four years; the mother here did not. Instead, she paid rent in her daughter’s name.

 Given our disposition of this case on the issues discussed herein, we need not discuss the other issues raised by the parties.