**ESTATE OF ROSE F.S. TURNER, Deceased.**

High Court of American Samoa
Trial Division

PR No. 11-01

December 10, 2002

---

[16] Once again, Fa`amausili was not afforded this right at the September 30th vote.

Before RICHMOND, Associate Justice, and ATIULAGI, Associate Judge.

Counsel: For Administrator, David P. Vargas
For Objector, Tautai A.F. Faalevao, *Pro* Se

## ORDER DENYING PETITION AGAINST
## ESTATE AND ADMINISTRATOR OF ESTATE

On October 15, 2002, objector Tautai A.F. Faalevao ("Tautai") petitioned the Court to exclude a certain parcel of the Fano family's communal land from the estate of the intestate decedent, Rose F.S. Turner. Tautai file his petition as a blood member representing the interest of the Tautai clan of the Fano family.

Tautai's petition was first heard on November 18, 2002, the same day scheduled for the hearing on the motion of administrator Rene L.F.

Clemens ("Clemens") for approval of his final account and reporting and for distribution of the estate. The Court continued the hearing until November 25, 2002, to afford Tautai and Clemens the opportunity to further research and file briefs on the objection issue.

The issue is over Clemens' inclusion in the inventory of the estate's assets the decedent's leasehold interest in the Fano family's communal land. We hold that the leasehold is an asset of the estate.

## Discussion

The leased land is a portion of communal land, known as "Matautu Ridge at Tulutulu," containing approximately 4.755 acres, plus a 40 foot right of way for ingress and egress, containing approximately 1.065 acres, in the Village of Faga'alu, American Samoa. The lease was executed on July 19, 1990, approved by the Governor, as required by A.S.C.A. § 37.0221(a), on December 7, 1990, and recorded with the Territorial Registrar on December 10, 1990. The lease was signed by Fano Salilo, the Fano family's *sa'o,* for himself and on behalf of the Fano family, as the lessor, and by the decedent, as the lessee. Both parties committed "their executors, administrators, successors and assigns" to perform the lease. The term is for 55 years, the maximum period permitted under A.S.C.A. § 37.0221(a). The rent is $1.00 per year.

Tautai claims that the parties entered into the lease to provide collateral for bank financing, a common purpose of communal land leases, and argues that in the existing absence of any outstanding mortgage, the lease expired upon the decedent's death. In this regard, Tautai also points to paragraph 9 of the lease that provides options for lease termination upon full satisfaction of a mortgage debt. He asserts that under the circumstances, termination upon the decedent's death is consistent with Samoan custom for the use of family communal land.

Fundamentally, the lease provided the decedent the right to long-term occupancy and use of the lease premises. The mortgage financing authorization is simply permissive and a secondary purpose. Both parties' rights and responsibilities under the lease terms are contractual. *Cf. Lindgren v. Betham,* 20 A.S.R.2d 98, 101 (App. Div. 1990) (Damages for breach of lease are determined by general principles of contract). Both parties clearly intended those rights and obligations to be binding on their executors, administrators, successors, and assigns. On a contractual basis alone, therefore, the leasehold is properly included in the decedent's estate, and her heirs are entitled to succeed as lessees under the lease, under the laws of intestate succession. *See Hunkin v. Grisard,* 13 A.S.R.2d 38, 40 (Trial Div. 1989).

274

■ Tautai correctly points out that territorial statutes unequivocally exclude communal land from testamentary devise, intestate succession, and estate administration. A.S.C.A. §§ 40.0106, 40.0206, and 40.0302. Communal land is the land ownership concept at the very core of the Samoan land tenure system. As an alternative to the prevailing means of land ownership in fee simple by individuals and other legal entities generally prevailing in United States jurisdictions, communal land tenure precludes fee simple ownership in favor of extended family control over land, under the occupancy and use directions of the family's *sa'o* ("head chief").

■ Tautai's argument, however, widely misses the mark. The concept of communal land ownership deals with the land itself, not with lesser interests, such as leasehold, easements, and licenses, having readily identifiable rights and obligations of a contractual nature. As Tautai asserts, leases of communal land may not wholly conform to traditional occupancy and use of communal land, unlike the more customary *sa'o* assignment to family members of occupancy and use of areas within the family's communal lands. However, leases of communal land are statutorily authorized. A.S.C.A. § 37.0221. Moreover, the statute does not prevent either members or nonmembers of the family from becoming lessees of the family's communal lands. Once the leasehold is created, the parties to the lease, and their executors, administrators, successors and assigns, are entitled to have the contractual terms of the lease respected and upheld. *See Miller & Desatnik Mgmt. Co. v. Bullock*, 221 Cal. App. 3d Supp. 13, 17 (Cal. Ct. App. 1990) (fixed termed tenancy not terminated by death); RESTATEMENT (SECOND) OF PROPERTY § 1.5 cmt. F (same). This result is not fatal in any sense to the integrity of the communal land system. The underlying land itself does not lose its character as communal land.

■ The family, in this case the Fano family, retains the land as the family's communal land. Contrary to Tautai's contention, our holding is not violative of the American Samoa Government's constitutional duty to protect communal lands from alienation. *Timu v. McMoore*, 6 A.S.R.3d 41, 43-44 (App. Div. 2002). The duty pertains to alienation from American Samoans to foreigners. *Id.*

■ Clemens requests an award of attorney's fees against Tautai for his failure to provide any genuine legal authority for excluding the leasehold from the estate and has caused the estate unnecessary expense. In other words, the objection is frivolous and not made in good faith. We would be inclined to agree but for the absence of any High Court decision directly on point and the need to clearly address it. However, Fano's affidavit states that Tautai's authority to represent him and the Fano

275

family was limited to ensuring that communal land was not included in the estate and that Fano wanted the leasehold to pass on to the decedent's heirs. Fano's statement puts in question Tautai's standing to take on the objector's role and certainly establishes that Tautai exceeded his authority, whether in his own right or on Fano's behalf, by challenging inclusion of the leasehold in the estate contrary to Fano's direction. Tautai made no effort to contradict Fano's statement during the hearing. Under these circumstances, an award of reasonable attorney's fees, which we assess at $500.00, to offset the unnecessary expense Tautai's action has caused the estate, is in order.

## Order

1. The lease of a portion of the Fano family's land known as "Matautu Ridge at Tulutulu" to the decedent is included in the decedent's estate.

2. Tautai shall pay to Clemens, the administrator of the decedent's estate, $500.00 as reasonable attorney's fees to offset the unnecessary expense of defending against Tautai's inappropriate objection to inclusion of the lease in the estate.

It is so ordered.